REYNALDO RIVERA CASTILLO ET AL., demandantes y recurridos, *v.* MUNICIPIO DE SAN JUAN, demandado y peticionario.

*Número:* CE-88-622      *Resuelto:* 9 de junio de 1992

686

Miguel A. Giménez Muñoz y David Rivé Rivera, del *Bufete Vargas y Rivé, Héctor L. Fuentes Romeu*, del *Bufete Irizarry Colón y Soler Banuchi*, y *Samuel A. Silva Rosas*, del *Bufete Lasa, Escalera y Reichard*, abogados del peticionario; *Ausberto Guerrero* y *Eugenio Rivera Lozada*, abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Mediante petición de *certiorari*, acude ante nos el Municipio de San Juan (en adelante Municipio) para que revisemos la resolución emitida por el Tribunal Superior, Sala de San Juan. En esta resolución el foro de instancia resolvió que cierta demanda de daños y perjuicios —iniciada como pleito de clase, pero denegada su certificación como tal— no estaba prescrita respecto a los demandantes que fueron incluidos antes de que transcurriera un (1) año desde la denegación.

Por considerar que los intereses protegidos por la prescripción extintiva quedan adecuadamente atendidos y porque promueve la solución justa, rápida y económica de los litigios, confirmamos el dictamen recurrido. Veamos los hechos y el trámite procesal que generan el recurso de marras.

I

Por un incendio ocurrido, el 21 de agosto de 1982, en la Plaza de Mercado de Río Piedras, se presentó ante la Secretaría del Tribunal Superior, Sala de San Juan, una "Demanda de pleito de clase" contra el Municipio de San Juan, la Autoridad de Energía Eléctrica y sus aseguradoras. Tal demanda fue presentada el 19 de agosto de 1983 por el Sr. Reynaldo Rivera Castillo (en adelante Rivera Castillo), dueño del puesto Núm. 226 en la Plaza del Mercado, nueve (9) propietarios[1] adicionales de puestos en la referida Plaza del Mercado y sus respectivas sociedades de bienes gananciales. Comparecieron estas partes, por sí y "en representación [de los] Comerciantes Mayoristas de la Plaza del Mercado de Río Piedras ...". Apéndice 1. Como las reclamaciones surgían de una misma causa y evento, y

---

[1] Éstos eran: José M. Durán Cruz, Ramón Jiménez García, Juan Vázquez Jiménez, Vinicio Pagán Morales, Ovidio Pagán Morales, José Luis Rodríguez Rodríguez, José Suárez, Ramón Luis Medero y José A. Mojica Maldonado.

siendo las cuestiones de hecho y derecho comunes entre ellos, solicitaron del tribunal que certificara el pleito como uno de clase conforme lo dispuesto en la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Un segundo litigio en relación a estos mismos hechos comenzó el 1ro de septiembre de 1983 cuando los Sres. Elías Sol y Juan A. Guiliani también demandaron al Municipio de San Juan. Este caso fue consolidado con el que había iniciado Rivera Castillo como pleito de clase, a solicitud del Municipio.

Después de varios trámites procesales, cuya narración detallada resulta ser innecesaria por no ser pertinente al asunto ante nuestra consideración, el 28 de septiembre de 1983 el Tribunal Superior dictó la siguiente resolución:

"Denegamos la certificación de esta acción como pleito de clase. Parte demandante deberá radicar listado [sic] de los demandantes que representa y los daños sufridos por éstos." Petición de *certiorari*, pág. 2.

Posterior a otros incidentes procesales, Rivera Castillo sometió la lista de demandantes[2] requerida por el foro de instancia.

La respuesta de los codemandados a la inclusión de este nuevo grupo de demandantes no se hizo esperar. Poco tiempo después, la representación legal del Municipio de San Juan solicitó la desestimación de la demanda con respecto a los veinticinco (25) demandantes incluidos con posterioridad a la denegación de la certificación porque sus

---

[2] En ella figuraban treinta y cinco (35) demandantes, incluyendo los diez (10) originales: Jaime Massanet Pérez, Juan M. Algarín Batista, Basilio Colón López, Alfonso Ramos Ramos, Ruperto Guzmán Escribano, Hipólito Solís Cuadrado, Víctor Pérez Castro, Pedro Alemán Figueroa, José Mojica Maldonado, Misael Hernández Cortés, Ramón Jiménez García, José Luis Robles, Adam Vázquez Marcano, Juan Vázquez Jiménez, Rafael Ruiz Hernández, José R. Santana Fabala, Moisés Hernández Cruz, Raúl Sosa Medina, Manuel Sánchez Díaz, Enrique Corsino Rosa, José M. Durán Cruz, Fernando Massanet Pérez, Reynaldo Rivera Castillo, José Suárez, Venicio Pagán Morales, Ovidio Pagán Morales, Ramón Luis Medero, A. Robles Guzmán, Diogracia Márquez Hernández, Luis A. Ortiz, Ramón Ortiz, William Medero, Pedro Rodríguez y Aníbal Colón.

causas de acción habían prescrito. Por esta misma razón, el Municipio se opuso a que los demandantes añadidos posteriormente contestaran los interrogatorios cursados y, además, a que uno de los comerciantes fallecidos fuera sustituido por su viuda. Las solicitudes de desestimación fueron declaradas sin lugar sin ulterior fundamento. El caso continuó su trámite hasta señalarse para vista en su fondo. En la fecha señalada, sin embargo, el juez de instancia determinó que por haber varias mociones sin resolverse el caso no estaba maduro aún para vista. El tribunal sentenciador determinó, además, que antes de comenzar el juicio debía señalarse una vista en la cual se discutiera la defensa afirmativa de prescripción. Posteriormente, las partes presentaron sendos escritos sobre la mencionada defensa afirmativa.([3])

Mediante resolución, el tribunal sentenciador resolvió que la causa de acción no estaba prescrita con respecto a las personas que se incluyeron como demandantes dentro del término de un (1) año computado desde que el tribunal denegó la certificación del pleito como uno de clase. Es decir, que la denominada acción de clase presentada por los demandantes interrumpió el término prescriptivo de un (1) año. La denegación de la certificación de pleito de clase, según el Tribunal Superior, tuvo el efecto de hacer que el término de un (1) año transcurriera nuevamente. El Tribunal Superior basó su dictamen en el caso *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), del Tribunal Supremo de Estados Unidos que interpretaba la Regla 23 de Procedimiento Civil federal, 28 U.S.C., regla de la cual se origina la nuestra. El foro sentenciador resolvió, ade-

---

([3]) Es preciso señalar en este momento que, por razones que no surgen de autos, en este caso han intervenido en algún incidente de este caso nueve (9) jueces diferentes, a saber: Hon. Edna Abruña Rodríguez, Hon. Pedro Pérez Pérez, Hon. Ángel F. Rossy García, Hon. Luzgarda Vázquez de Santiago, Hon. Ismael O'Neill Rosa, Hon. María M. Pérez de Chaar, Hon. Carlos E. Polo, Hon. María Isabel G. de Maldonado y el Hon. Pedro López Oliver, quien resolvió el asunto de la prescripción.

más, que los demandantes, respecto a los cuales se había presentado la defensa de prescripción, tendrían treinta (30) días para contestar los interrogatorios sometidos por los codemandados, el Municipio y sus aseguradoras.

De esta resolución acude ante nos el Municipio de San Juan. En síntesis, aduce que fue errónea la determinación del Tribunal Superior "al considerar interrumpido el término prescriptivo con la interposición de la demanda de pleito de clase que no fuera certificada" (Petición de *certiorari*, pág. 3), al aceptar como válida la ulterior demanda suplementada mediante moción y al condonar la conducta de los demandantes respecto a la contestación de los interrogatorios.

Por plantear el recurso una cuestión novedosa en nuestra jurisdicción, expedimos auto de *certiorari* y hoy confirmamos el dictamen recurrido. Examinemos, en primer lugar, el derecho aplicable a la controversia de autos.

II

Al abordar la figura del pleito de clase, recordemos que éste

> ...adelanta los objetivos siguientes: (1) fomenta la economía judicial en la medida que disminuye el número de casos que deben resolver los tribunales al permitirles adjudicar de una vez todas las cuestiones comunes a varios litigios. Además, evita la posibilidad de reclamaciones múltiples y repetitivas; (2) permite hacer justicia a personas que de otra manera no la obtendrían, especialmente cuando las sumas individuales en controversia no son cuantiosas y, por lo tanto, las personas agraviadas no se sienten motivadas a litigar, y (3) protege a las partes de sentencias inconsistentes. *Cuadrado Carrión v. Romero Barceló*, 120 D.P.R. 434, 446 (1988).

En Puerto Rico, las acciones o pleitos de clases están regulados por la Regla 20 de Procedimiento Civil, *supra*. La Regla 20.1 de Procedimiento Civil, 32 L.P.R.A.

Ap. III, en particular establece los requisitos que debe reunir una clase que interese ser certificada como tal:

> Uno o más miembros de una clase podrán demandar o ser demandados como representantes de todos los miembros de la clase solamente si (1) la clase fuere tan numerosa que la acumulación de todos los miembros resultare impracticable; (2) existieren cuestiones de hecho o de derecho común a la clase; (3) las reclamaciones o defensas de los representantes fueren típicas de las reclamaciones o defensas de la clase; y (4) los representantes protegerían los intereses de la clase de manera justa y adecuada.

■ La vigente Regla 20 de Procedimiento Civil, *supra*, corresponde íntegramente con la Regla 23 de Procedimiento Civil federal, *supra*, con la sola excepción sobre notificación a los miembros de la clase. J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1984, Vol. II, Cap. IV, pág. 99; *Cuadrado Carrión v. Romero Barceló*, supra.

■ En sus inicios, "[l]os pleitos de clase fueron originados en los tribunales de equidad para permitirles entender en acciones donde el número de los interesados en la litigación era de tal magnitud que su acumulación como partes, de conformidad con las usuales reglas de procedimiento, era impracticable. *Hansberry v. Lee*, 311 U.S. 32 (1940)", según citado en Cuevas Segarra, *op. cit.*, pág. 99. Su propósito era entonces evitar la multiplicación de la tarea de adjudicar una sola cuestión de hecho y de derecho presentada por infinidad de partes. Mediante la intervención de un representante de todos los litigantes que constituyen la clase, el proceso judicial se simplificaba enormemente cumpliéndose así cabalmente el principio que nutre todo nuestro sistema procesal civil, es decir, la solución, justa, rápida y económica de todo proceso. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

■ En un principio, la acción de clase en Puerto Rico

estaba regulada, muy rudimentariamente, en el Art. 66 del antiguo Código de Enjuiciamiento Civil, 32 L.P.R.A. ant. sec. 316. Las Reglas de Procedimiento Civil de 1943, siguiendo su equivalente federal, comenzaron a desarrollar esta figura procesal y ya, al aprobarse las de 1958, podían trazarse tres (3) tipos de acciones de clase. La establecida en la Regla 20.1(a), 32 L.P.R.A. Ap. II (ed. 1969), era denominada verdadera acción de clase (*true class action*). La regulada en la 20.1(b), 32 L.P.R.A. Ap. II (ed. 1969), se conocía como la acción de clase híbrida, y la tercera, encontrada en la regla 20.1(c), 32 L.P.R.A. Ap. II (ed. 1969), se ocupaba de lo que se conoce como una acción de clase espuria. Estas clasificaciones se tornaron obsoletas y crearon una confusión que provocó enmiendas sustanciales en la Regla 23 de Procedimiento Civil federal, *supra*. Cuevas Segarra, *op. cit.*; R. Hernández Colón, *Manual de Derecho Procesal Civil*, 2da ed. rev., New Hampshire, Equity Publishing Corp., 1981, págs. 96–98. La regla original además planteaba serios problemas con relación a las medidas que debían tomarse durante el curso del juicio para asegurar un procedimiento justo para las partes, especialmente en materia de notificaciones. Hernández Colón, *op. cit.*, pág. 100.

■ La Regla 20 de entonces fue enmendada conforme a los cambios sufridos por la regla federal para atender los inconvenientes identificados previamente. Debido a la correlación entre la regla federal y la nuestra, en términos de su desarrollo, y particularmente su contenido, la jurisprudencia interpretativa de ésta resulta altamente persuasiva. Véase *Cuadrado Carrión v. Romero Barceló*, supra, pág. 448.

En el caso de autos este hecho resulta ser de enorme relevancia por ser el asunto uno novel en nuestra jurisdicción, a saber, si la presentación de un pleito de clase, cuya certificación es posteriormente denegada, interrumpe el

694

periodo prescriptivo para los litigantes individuales, potenciales miembros de la clase denegada.

Antes de examinar la jurisprudencia federal sobre el asunto en controversia, se imponen unas breves expresiones sobre la figura de la prescripción extintiva.

## III

Al abordar la figura de la prescripción extintiva,[4] lo hacemos conscientes de que en Puerto Rico "la prescripción es materia sustantiva y no procedimental, regida por los principios que informan el Derecho civil". *Olmo v. Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740, 742-743 (1981). Véase *Febo Ortega v. Tribunal Superior*, 102 D.P.R. 405 (1974). El propósito de que las reclamaciones legales tengan un término fijo establecido previamente "es evitar que el poder público proteja indefinidamente los derechos no reclamados por su titular y que tampoco han sido reconocidos por aquellos sobre quienes pesan". *Culebra Enterprises Corp. v. E.L.A.*, 127 D.P.R. 943, 950 (1991). Aspira, además,

> ... a asegurar la estabilidad de la propiedad y la certidumbre de los demás derechos. *Agulló v. ASERCO*, 104 D.P.R. 244, 248 (1975). Su innegable necesidad y valor responden a "una presunción legal de abandono, derivada del hecho del transcurso de un tiempo determinado sin reclamar un derecho". [Citas omitidas.] Sin embargo, ninguno de los intereses a los cuales responde es absoluto —de un lado salvaguardar un derecho y

---

[4] La prescripción de las acciones de daños y perjuicios se encuentra estatuida en el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298. Dispone dicho artículo que:
"Prescriben por el transcurso de (1) año:

.        .        .        .        .        .

"(2) La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en la sec. 5141 de este título desde que lo supo el agraviado."
Su interrupción se regula en el Art. 1873 (31 L.P.R.A. sec. 5303):
"La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor."

del otro darle carácter definido a la incertidumbre de una posible reclamación— sino que deben ser aquilatados en su justa proyección. *Colón Prieto v. Géigel,* 115 D.P.R. 232, 243 (1984).

■ La figura, además, fomenta la concepción de que las reclamaciones válidas se ejercen con premura y que no se abandonan. Además "evit[a] las sorpresas que genera la resucitación de reclamaciones viejas" con las consecuencias que ello conlleva, tales como: "pérdida de evidencia, memoria imprecisa y dificultad para encontrar testigos." *Culebra Enterprises Corp. v. E.L.A.,* supra, pág. 950.

■ Vemos, pues, a la luz de lo expuesto anteriormente, que el principio de que las reclamaciones tienen un término fuera del cual no se pueden instar protege fundamentalmente dos (2) intereses. En primer lugar, ampara a la parte contra la cual puede instarse una reclamación, al evitar fijando un término, que esté expuesta a ella *ad infinitum,* y, en segundo lugar, a la parte reclamante le brinda un término razonable dentro del cual puede vindicar su derecho. Ahora bien, ninguno de los dos (2) intereses son absolutos. Por esta razón, al evaluar y analizar bajo nuestro ordenamiento civil cuándo ha quedado interrumpido un período prescriptivo, ambos valores deben ser tomados en consideración.

Al hacer este balance, en esta controversia en particular, tomaremos en consideración la interpretación que ha hecho este Tribunal sobre las formas que la ley dispone para la interrupción del término prescriptivo, en conjunción con la jurisprudencia federal sobre pleitos de clase. No olvidemos que el mecanismo procesal del pleito de clase surgió en los tribunales de equidad y tiene, por lo tanto, raigambre diversa al de la figura de la prescripción.

## VI

En Puerto Rico la prescripción se interrumpe "por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor". Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303. La interrupción de la prescripción por cualquiera de dichos medios produce el efecto de que tenga que comenzar a contar de nuevo el término. *De Jesús v. De Jesús*, 37 D.P.R. 152 (1927); *Sucn. Gorbea v. Portilla*, 46 D.P.R. 289 (1934). Sin embargo, y tomando en consideración que "[e]l Código Civil ... no indica los actos o gestiones del acreedor que constituyen el ejercicio de su acción ante los tribunales a los efectos de interrumpir el término prescriptivo", F. Castro Amy, *La interrrupción de la prescripción por gestión judicial*, 14 Rev. Jur. U.I.A. 801 (1980), nos hemos expresado sobre este particular.

Así, por ejemplo, hemos resuelto que la presentación de una causa de acción contra un coautor solidario interrumpe el término prescriptivo en perjuicio de todos los demás, *García v. Gobierno de la Capital*, 72 D.P.R. 138 (1951), que una acción iniciada por el Fondo del Seguro del Estado y por la viuda de un obrero interrumpe el período prescriptivo que como herederos de la causa de acción de su padre tienen los hijos, *Tropigas de P.R. v. Tribunal Superior*, 101 D.P.R. 630 (1974), y que dicho término prescriptivo se interrumpe con la mera presentación de la demanda sin que sea necesario emplazar a la parte demandada, *Feliciano v. A.A.A.*, 93 D.P.R. 655 (1966), y aun cuando voluntariamente se desista de ella, *Silva Wiscovich v. Weber Dental Mfg. Co.*, 119 D.P.R. 550 (1987).

Por otro lado, hemos establecido que la presentación de una demanda por un padre en reclamación de sus propios daños y en representación de su hijo lesionado, interrumpe el término prescriptivo de su causa de acción no

empece el hecho de que en la demanda no se alegaron los daños expresamente sufridos por éste, *Moa v. E.L.A.*, 100 D.P.R. 573 (1972), y que aun cuando una demanda sea interpuesta ante un foro sin jurisdicción o competencia, tal demanda interrumpe el plazo prescriptivo desde su presentación y causa que comience a correr un nuevo término al emitir sentencia final y firme el primer foro. *Durán Cepeda v. Morales Lebrón*, 112 D.P.R. 623 (1982). Recientemente, en *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740 (1992), resolvimos que la notificación hecha al Secretario de Justicia, exigida por la Ley de Reclamaciones y Demandas Contra el Estado, interrumpe el término prescriptivo de un (1) año provisto para este tipo de acción.

En aquella jurisprudencia, al evaluar los propósitos de los estatutos de prescripción, llegamos a la conclusión de que no quedarían derrotados con la elaboración de las normas sobre interrupción allí expuestas. No vemos cómo en este caso se justifique una solución diferente si se consideran además las razones que nutren la figura procesal de pleito de clase.

Conscientes de que los factores que nutren la doctrina de prescripción, es decir, el derecho del demandante a tener un término razonable para ejercer su reclamo y el derecho del demandado a no estar sujeto a una reclamación indefinidamente, el Tribunal Supremo de Estados Unidos, en *American Pipe & Construction Co. v. Utah*, supra, resolvió una situación que, procesalmente, era casi idéntica a la de autos.[5]

En aquel caso, el estado de Utah inició una acción civil en el tribunal federal bajo las leyes antimonopolísticas con-

---

[5] Somos conscientes de que la figura de la prescripción es de tradición civilista. Sin embargo, tomando en consideración que el pleito de clase no se origina en el Derecho Civil y que es copia de la Regla 23 de Procedimiento Civil federal, 28 U.S.C., y por el valor persuasivo de los fundamentos utilizados por el Tribunal para apoyar su decisión, utilizaremos la jurisprudencia federal que aborda este asunto. *Cuadrado Carrión v. Romero Barceló*, 120 D.P.R. 434, 448 (1988).

tra la American Pipe, once (11) días antes de que se consumiera el término de cuatro (4) años que proveía la ley. El Tribunal de Distrito federal, siete (7) meses más tarde, resolvió que la acción de clase no podía mantenerse por no ser lo suficientemente numerosa bajo la Regla 23(a)(1) de Procedimiento Civil federal, 28 U.S.C.. Ocho (8) días más tarde, sesenta (60) de los miembros de la fallida clase solicitaron intervención. Ésta fue denegada. Al revocar, la corte de apelaciones razonó que a los miembros de la clase que no fue certificada debía permitírsele la intervención. El tribunal resolvió que el término de cuatro (4) años provisto por ley quedó interrumpido desde que se inició la acción civil hasta que se denegó la certificación de la clase. El Tribunal Supremo federal confirmó y expresó:

> Thus, the commencement of the action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs. To hold to the contrary would frustrate the principal function of a class suit, because then the sole means by which members of the class could assure their participation in the judgment if notice of the class suit did not reach them until after the running of the limitation period would be to file earlier individual motions to join or intervenue as parties —precisely the multiplicity of activity which Rule 23 was designed to avoid in those cases where a class action is found "superior to other available method for the fair and efficient adjudication of the controversy". *American Pipe & Construction Co. v. Utah*, supra, pág. 551.

Para apoyar esta solución, el Tribunal razonó que el propósito principal del pleito de clase se burlaría si se requiriera la intervención en el pleito de cada uno de los miembros para interrumpir el término prescriptivo. Además, reconoció que la norma que elaboraba era perfectamente consistente y adelantaba el propósito de los términos prescriptivos; este es, que los demandados estén avisados a tiempo de las reclamaciones en su contra pero que, por otro lado, los demandantes no se duerman sobre

sus derechos. *American Pipe & Construction Co. v. Utah*, supra, pág. 554. Cabe destacar que este caso de *American Pipe & Construction Co.*, supra, versaba sobre el derecho de los potenciales miembros de la clase a intervenir bajo las reglas de intervención federales.

Posteriormente, y siguiendo la norma de *American Pipe & Construction Co. v. Utah*, supra, el Tribunal Supremo de Estados Unidos, en *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), resolvió que el término se interrumpía también cuando (al igual que el caso de autos) lo que se pretendía era iniciar una demanda independiente después de que la certificación se denegara.

■ Por otro lado, el Tribunal Supremo federal no ha ofrecido un estándar uniforme sobre el efecto que tiene la interrupción del término prescriptivo. Es decir, no ha resuelto, a la luz de las reglas federales, si la interrupción del término meramente suspende el período prescriptivo o lo renueva. Se ha expresado, sin embargo, sobre el efecto de la interrupción del período prescriptivo de un (1) año concedido por nuestro Código Civil en acciones al amparo de la Ley Federal de Derechos Civiles.

■ En *Chardón v. Fumero Soto*, 462 U.S. 650 (1983), el Tribunal no sólo reiteró lo resuelto en *American Pipe & Construction Co. v. Utah*, supra, en cuanto a los pleitos de clase, sino que al interpretar nuestro estatuto de prescripción de un (1) año, que es el aplicable a las acciones bajo 42 U.S.C. sec. 1983, resolvió que la norma en cuanto al efecto de la interrupción de la prescripción será la que se ha elaborado en Puerto Rico, esta es, que al interrumpirse la prescripción el término se renueva y que ésta será la utilizada en los pleitos bajo dicha sección de ley. Al explicar el razonamiento usado en el caso *American Pipe & Construction Co. v. Utah*, supra, el Tribunal expresó en *Chardón v. Fumero Soto*, supra, pág. 659:

The Court reasoned that, under the circumstances, the un-named plaintiffs should be treated as though they had been named plaintiffs during the pendency of the class action. Otherwise, members of a class would have an incentive to pro-tect their interests by intervening in the class action as named plaintiffs prior to the decision on class certification —a "nee-dless duplication of motions" that would "deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure".

Wright y Miller, en su extensísima obra sobre procedi-miento civil, nos sugieren cuál va a ser el acercamiento del tribunal al tratar otros asuntos que puedan surgir con re-lación a la prescripción y a los pleitos de clase:

Guidance in answering other questions can be found in the approach taken by the Court in its decisions on statute of limi-tations in class actions. The decisions each rest on a finding that allowing tolling does not violate the underlying policies of the limitations bar, but does serve some important class action policies. In the absence of tolling, the members would be led to file individual actions prior to the denial of class certification and this would produce the multiplicity of suits that rule 23 was designed to avoid. 7B *Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d* Sec. 1795, pág. 330 (1986).

Expuesta la normativa sobre prescripción, los principios que ella protege y su relación con las acciones de clase, apliquémosla a los hechos de este caso.

## V

No cabe duda, y tampoco se cuestiona el hecho de que las demandas originales presentadas en este caso por Ri-vera Castillo, en representación de una clase, fueron pre-sentadas en tiempo. Tampoco está en controversia el hecho de que el tribunal denegó la certificación de la clase y or-denó la inclusión de los nombres de los demandantes des-pués de que el término prescriptivo había concluido. Por esta razón, la parte recurrente aduce que los demandantes

que no fueron nombrados en el pleito original han perdido su derecho a reclamar. Su posición no puede prevalecer a la luz de la doctrina expuesta previamente.

Con la presentación de la "demanda de pleito de clase", Rivera Castillo y los diez (10) demandantes nombrados allí interrumpieron el término prescriptivo para los demandantes que se incorporaron por primera vez mediante moción de 8 de marzo de 1984 y que dicha acción, a pesar de ser denegada, interrumpió igualmente el término prescriptivo respecto a los demandantes Elías Sol y Juan A. Guiliani, quienes obviamente pertenecían a la clase pretendida al momento de la presentación de la demanda y quienes presentaron su demanda con anterioridad al año siguiente a la fecha en que el tribunal(6) denegó la certificación de la clase.

Aducen los recurrentes, por último, que cometió manifiesto error el Tribunal Superior al concederle en su resolución treinta (30) días adicionales para contestar unos interrogatorios cursados. No estamos de acuerdo. Entendemos que el trámite procesal errático que ha caracterizado a este litigio y la incertidumbre en cuanto a la defensa de prescripción justifican en alguna medida esta inacción. Por lo tanto, se le concede a las partes demandantes en este pleito treinta (30) días, a partir de la devolución del mandato, para que contesten los interrogatorios cursados. Dicho término, a la luz de los apercibimientos anteriores, será improrrogable. De no contestarse tales in-

---

(6) Lo anterior no significa que otros demandantes que se han pretendido incorporar al pleito mediante contestación a interrogatorios o mediante el Informe sobre Conferencia Preliminar entre Abogados, puedan continuar como partes demandantes en el presente caso. A parte de que dichas personas, de interesar comparecer como demandantes, debieron haber sido traídos como tales a través de una solicitud al tribunal, sus reclamaciones, por ser posteriores al año siguiente a la fecha en que el foro de instancia denegó el pleito de clase, están prescritas. Sin ser dichas personas demandantes, el tribunal no tiene que desestimar la demanda en cuanto a ellos. Basta señalar que el tribunal no les reconoce como partes y que el pleito continuará respecto a los demandantes originales, los veinticinco (25) demandantes que fueron incluidos como tales mediante moción de 8 de marzo de 1984 y los demandantes Elías Sol y Juan A. Guiliani.

terrogatorios en el término señalado, se interpretará automáticamente como desinterés en el litigio, por lo que el tribunal de instancia procederá a desestimar sus reclamaciones sin apercibimiento o sanción alterna.

Por los fundamentos expuestos, y con las modificaciones en cuanto a los interrogatorios, *se confirma la resolución recurrida.*

