Alfonso de Cumpiano, Juez Ponente
*1056 TEXTO COMPLETO DE LA SENTENCIA
La peticionaria, Autoridad de Carreteras y Transportación (la Autoridad de Carreteras), presenta recurso de certiorari en solicitud de que se revoque la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, que denegó sus solicitudes de desestimación. Dichas mociones se basaron en que la acción de daños y perjuicios instada en su contra estaba prescrita. La resolución recurrida no incluyó los fundamentos de la denegatoria. No obstante, examinados los planteamientos de las partes a la luz del derecho aplicable, procede expedir el recurso, exponer los fundamentos y confirmar la resolución recurrida.
I
Los hechos procesales en que se basa el recurso, según el expediente, son los siguientes. Las recurridas Sras. Sonia Llanos y Antonia Pagán Rodríguez presentaron el 2 de julio de 1996 una demanda en daños y perjuicios contra el Estado Libre Asociado (el E.L.A.) y el Departamento de Transportación y Obras Públicas por un accidente automovilístico ocurrido el 2. de enero de 1996 en la intersección de la Carretera 17 con la Avenida Muñoz Rivera. Alegaron que su automóvil fue impactado por un camión que salía de una obra de construcción de los demandados y que éstos actuaron negligentemente por no proveer protección a las personas que transitaban el área.
El 22 de agosto de 1996, el E.L.A. presentó una moción en solicitud de la desestimación de la demanda. Junto con esta moción, incluyó una declaración jurada del Sr. José R. Díaz Coss, Subdirector Ejecutivo de la Directoría de Obras Públicas, que revelaba que la carretera en la que ocurrió el accidente estaba bajo control del Departamento de Transportación y Obras Públicas, pero que la Autoridad de Carreteras, mediante contrato con la Corporación Caribbean Contractor, era quien realizaba los proyectos de construcción en el área. Además, el señor Díaz Coss informó que durante el tiempo que durara la construcción, el constructor contratado por la Autoridad de Carreteras tenía control efectivo de la carretera dentro de los límites del proyecto.
Es un hecho incontrovertido por ambas partes que con la declaración jurada del señor Díaz Coss sometida por el E.L.A. el 22 de agosto de 1996 es que las recurridas conocen que la Autoridad de Carreteras estaba a cargo de la construcción realizada en el lugar del accidente.
El 11 de abril de 1997, el Tribunal de Primera Instancia acogió la moción de desestimación presentada por el E.L.A. y desestimó la demanda. Las demandantes, aquí recurridas, apelaron dicha sentencia ante este Tribunal. Este revocó al tribunal a quo en Llanos v. Departamento de Transportación y Obras Públicas, Núm. KLAN-97-00440, por ser improcedente el mecanismo sumario utilizado por el tribunal y devolvió el caso para que continuaran los procedimientos.
El 11 de agosto de 1997, pendientes los trámites apelativos, las demandantes presentaron un segundo pleito en el cual incluyeron a la Autoridad de Carreteras como demandada. Este fue desestimado por sentencia enmendada de 3 de abril de 1998 bajo la Regla 39.2(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, sin perjuicio para las partes, por no haberse realizado trámite alguno en seis (6) meses. El 13 de agosto de 1998, luego de la sentencia emitida por este Tribunal, las demandantes enmendaron la demanda original para incluir a la Autoridad de Carreteras como parte demandada y reclamar responsabilidad solidaria a todos los demandados.
*1057 Como resultado de la presentación de la demanda enmendada, la Autoridad de Carreteras presentó dos mociones de desestimación en las cuales alegó que la acción estaba prescrita. Luego de varios incidentes procesales, el 2 de julio de 1999, el tribunal a quo declaró sin lugar ambas mociones. No conforme, la Autoridad de Carreteras presentó este recurso en el que alega que erró el tribunal recurrido al no desestimar la demanda en su contra, por haber transcurrido el término prescriptivo, contado desde que ocurrieron los hechos.
II
En primer lugar, debemos examinar el derecho aplicable a la prescripción de las acciones de responsabilidad civil extracontractual y los modos de su interrupción. Establece nuestro Código Civil que el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño. Artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141. El término prescriptivo de las acciones a las que se refiere el Artículo 1802 prescriben en el plazo de un año desde que el agraviado supo del daño sufrido o desde el día en que pudieron ejercitarse. Artículos 1868 y 1869 del Código Civil, 31 L.P.R.A. secs. 5298 y 5299.
Conforme la jurisprudencia interpretativa de las referidas disposiciones, no basta para que comience a contar el término prescriptivo que el perjudicado se entere del daño, siendo además necesario que conozca quién es el causante del daño para poder dirigir su demanda contra él. Colón Prieto v. Géigel, 115 D.P.R. 232, 246-247 (1984); Ojeda Ojeda v. El Vocero, 137 D.P.R. _ (1994), 94 J.T.S. 131, pág. 326. Así pues, conforme el derecho vigente en Puerto Rico, el plazo prescriptivo para las acciones de daños y perjuicios no comienza en el instante en que se produce la acción de omisión culposa o negligente, sino en el momento en que el perjudicado conoce que ha sufrido un daño y sabe quién es el responsable. Ibid.
Una vez comienza a discurrir el término prescriptivo, sólo la realización de una de las tres gestiones enumeradas en el Artículo 1873, 31 L.P.R.A. see. 5303, interrumpe dicho término. La prescripción extintiva de las acciones se interrumpirá por su ejercicio en los tribunales, por reclamación extrajudicial del acreedor o por cualquier acto de reconocimiento de la deuda por parte del deudor.
En cuanto a la interrupción mediante el ejercicio de la acción ante los tribunales, la jurisprudencia en Puerto Rico ha establecido, a diferencia de otras jurisdicciones de los Estados Unidos, que la mera presentación de una demanda dentro del período de prescripción extintiva de la acción, interrumpe dicho período, aunque el demandado no sea emplazado dentro del mismo. Martínez Arcelay v. Peñagarícano Soler, 145 D.P.R. _ (1998), 98 J.T.S. 29, pág. 694; Rivera Castillo v. Municipio de San Juan, 130 D.P.R. 683 (1992); Silva Wiscovish v. Weber Dental Mfg. Co., 119 D.P.R. 550 (1987); Feliciano v. A.A.A., 93 D.P.R. 655 (1966).
Uno de los efectos de la interrupción de la prescripción es que el plazo prescriptivo debe comenzarse a contar de nuevo por entero. Diez Picazo, La prescripción en el Código Civil, Barcelona, Ed. Bosch, 1964, pág. 138; Feliciano v. A.A.A., supra, a la pág. 661. Es decir, con la interrupción de una acción, no sólo se detiene el término prescriptivo, sino también comienza a contarse un nuevo plazo prescriptivo sin tomar en cuenta el término ya transcurrido.
Al aplicar esos principios a los hechos de este caso, es claro que el término prescriptivo contra la Autoridad de Carreteras comenzó el 22 de agosto de 1996, esto es, desde que las demandantes tuvieron conocimiento que dicho organismo fue causante del daño y no desde el 2 de enero de 1996 en que ocurrió el daño, como sostiene la peticionaria.
La segunda demanda, en la que se incluyó a la Autoridad de Carreteras, se presentó el 11 de agosto de 1997 dentro del año requerido a partir del 22 de agosto de 1996, cuando las demandantes tuvieron *1058 conocimiento de que dicha Autoridad estaba a cargo de la obra.
Como señalamos previamente, una de las formas de interrupción del término prescriptivo es por el ejercicio de la acción ante los tribunales. No era necesario emplazar a la Autoridad, bastaba con la presentación de la demanda en su contra ante los tribunales. La demanda presentada el 11 de agosto de 1997, desestimada posteriormente sin perjuicio, tuvo el efecto de interrumpir el término prescriptivo. Por tanto, al momento de enmendar la demanda original, las demandantes estaban en tiempo para incluir a la Autoridad de Carreteras, puesto que el término prescriptivo fue interrumpido por la presentación del segundo pleito.
En conclusión, no erró el tribunal al denegar las mociones de desestimación de la Autoridad de Carreteras, puesto que la acción en su contra no estaba prescrita. Es incorrecta la posición de ésta de que el término se computa en este caso a partir de la ocurrencia del accidente.
III
Lo que hemos discutido previamente sostiene, la resolución denegatoria recurrida. Mas, aun cuando las demandantes no hubiesen presentado la segunda demanda, las alegaciones de la demanda enmendada se hubiesen de todos modos retrotraído a la fecha de presentación de la demanda original.
El ordenamiento jurídico preceptúa que serán responsables solidariamente los cocausantes de daños extracontractuales. En esos casos, no es de aplicación el pacto expreso de solidaridad al que se refiere el Artículo 1090 del Código Civil, 31 L.P.R.A. sec. 3101. Este únicamente es aplicable a las relaciones contractuales y no a los casos de responsabilidad extracontractual. En Arroyo v. Hospital La Concepción, _ D.P.R. _, 92 J.T.S. 66, pág. 9532, el Tribunal Supremo se expresó sobre el tema que tratamos en los siguientes términos:
“Resolvemos hoy que la doctrina de la solidaridad [consagrada en García v Gob. de la Capital, [supra] permite traer ajuicio instado a tiempo, a un [co-causante] solidario que originalmente no fue incluido en el pleito... a través de demanda contra tercero por parte del demandado [o] por enmienda a la demanda por parte del demandante ... [SJólo se requiere alegar bien y suficientemente en la demanda el hecho de que el nuevo demandado o tercero demandado, según los casos, responde solidariamente por los daños reclamados con el demandado original, contra quien se radicó demanda dentro del término prescriptivo dispuesto por el ordenamiento...”. (Citas omitidas).
En términos similares se ha expresado que “[cjuando dos o más personas son llamadas a responder legalmente como cocausantes de un daño que es indivisible, la norma generalmente aplicada es la responsabilidad solidaria. La víctima puede exigir reparación del daño a todos, o a cualesquiera de ellos, y la interrupción de la prescripción en cuanto a uno, perjudica a todos. ” Irizarry Yunqué, Carlos L, Responsabilidad Civil Extracontractual, Universidad Interamericana de Puerto Rico, 1995, pág. 380.
En el caso bajo nuestra consideración, surge que las demandantes alegaron en la demanda enmendada que, a consecuencia de la negligencia de los demandados incluyendo a la Autoridad de Carreteras, sufrieron daños y que todos los demandados incluidos en la demanda enmendada eran responsables solidariamente. Conforme las hormas de derecho expuestas en esta parte, la demanda original presentada en tiempo, interrumpió el término prescriptivo en perjuicio de la peticionaria. Las demandantes alegaron “bien y suficientemente” que la peticionaria y los otros demandados deben responder solidariamente por los daños reclamados.
IV
En virtud de lo precedentemente expuesto, se expide el recurso y se confirma la resolución recurrida.
*1059 Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General