# 2006 DTA 115

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL V**

IVONNE MIGUEZ BALSEIRO, POR SÍ Y EN REPRESENTACIÓN DE
TODAS AQUELLAS PERSONAS EN UNA SITUACIÓN SIMILAR
Apelantes

v.

SEDECO-SERVICIOS DE DESCUENTO EN COMPRA, INC., ABC
Apelados

Núm. KLAN-06-00556

San Juan, Puerto Rico, a 12 de septiembre de 2006

Panel integrado por su Presidente, el Juez Rivera Martínez,
y los Jueces Aponte Hernández y Morales Rodríguez

Aponte Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La apelante, señora Ivonne Miguez Balseiro, nos solicita que revoquemos la sentencia emitida el 1 de marzo de 2006 por el Tribunal de Primera Instancia, Sala de San Juan. Mediante la misma, dicho foro desestimó la reclamación de *injunction* y la petición de sentencia declaratoria presentada por la apelante a nombre de los consumidores; determinó que no procedía certificar el pleito como uno de clase; declaró nulo el contrato de servicio adquirido por la apelante y ordenó a la apelada, Servicios de Descuento y Compra, Inc., restituirle a ésta el precio pagado por el mismo más intereses al 8% anual, así como las costas del pleito.

Por los fundamentos que expondremos, se confirma la sentencia apelada.

**I**

La señora Ivonne Miguez Balseiro (en adelante, Sra. Miguez o apelante) le compró a la tienda Servicios de Descuento y Compra, Inc. (en adelante, Sedeco o apelada) una maquina secadora y una garantía extendida de 3 años en piezas y servicios por el precio de $269.95 y $51.95, respectivamente. El 26 de abril de 2005 la Sra. Miguez instó un pleito de clase a nombre de los consumidores que al igual que ella habían adquirido de Sedeco

algún contrato de servicio. Esto, a tenor con la Ley Núm. 118 de 25 junio de 1971, según enmendada, 32 L.P.R. A. sec. 3341 y siguientes.

La apelante alegó que el contrato de servicios que le vendió Sedeco era nulo por falta de causa o causa ilícita. Planteó que Sedeco le ofreció y vendió este contrato sin estar autorizada por el Comisionado de Seguros para expedir el mismo, como lo requiere la Ley Núm. 372 de 8 de septiembre de 2000. Solicitó que mediante sentencia declaratoria se anularan todos los contratos de servicio vendidos por Sedeco; que se restituyera el costo pagado por los mismos; que se compensara a la clase en daños y perjuicios; que se estableciera un fondo especial para sufragar las reclamaciones futuras de la clase demandante por cualquier reparación o servicio que fuese requerido dentro del término estipulado en el contrato, y que se expidiera un *injunction* ordenándole a la apelada cesar y desistir de ofrecer a los consumidores el contrato de servicio sin la aprobación del Comisionado de Seguros.

La demanda fue acompañada de un primer pliego de interrogatorios y de un requerimiento de admisiones. El 17 de mayo de 2005, Sedeco solicitó una prórroga para contestar la demanda y para cumplir con el descubrimiento de prueba. Dicha prórroga fue concedida por el Tribunal de Primera Instancia (en adelante, TPI).

El 27 de junio de 2005, Sedeco presentó *Moción de Desestimación*. Planteó que la reclamación de la Sra. Miguez no era justiciable porque esta no había sufrido daño alguno; que la apelante no tenía legitimación activa para defender los derechos de los integrantes de la clase que pretendía representar; que la Oficina del Comisionado de Seguros era la que tenía jurisdicción primaria exclusiva para atender los casos y controversias que envuelven contratos de servicios y que la Sra. Miguez venía obligada a agotar los remedios administrativos antes de presentar la reclamación ante el TPI. También informó que, desde antes de que la Sra. Miguez adquiriera el contrato de servicios, estaba en el proceso administrativo para que se le certificase como Proveedor de Contratos de Servicio en Puerto Rico.

Ante ello, el TPI emitió orden concediendo a la Sra. Miguez diez días para presentar oposición a la *Moción de Desestimación*. La Sra. Miguez presentó oposición. Sedeco replicó y la apelante presentó dúplica.

El 15 de septiembre de 2005, el TPI concedió diez días a la Sra. Miguez para que mostrara causa por la cual no debía ordenar que agotara el remedio provisto en el Art. 2134 (4) del Código de Seguros, 26 L.P.R.A. sec. 2134 (4). La apelante cumplió con lo ordenado.

Posteriormente, el 3 de febrero de 2006, el foro apelado ordenó a Sedeco que informara dentro de diez días el status de los procedimientos ante la Oficina del Comisionado de Seguros. Sedeco presentó, el 16 de febrero de 2006, *Moción en Cumplimiento de Orden*.

Así las cosas, el 1 de marzo de 2006, el TPI emitió la sentencia apelada. Mediante la misma, desestimó la reclamación de *injunction* y la petición de sentencia declaratoria presentada por la Sra. Miguez a nombre de los consumidores que habían adquirido, al igual que ella, un contrato de servicios a Sedeco. Determinó que no procedía certificar el pleito como uno de clase porque la apelante no podía representar a los consumidores. Esto, debido a que la Sra. Miguez no había sufrido daño alguno. Declaró nulo el contrato de servicio adquirido por la Sra. Miguez y ordenó a Sedeco restituirle el precio pagado por dicho contrato más los intereses al 8% anual, así como las costas del pleito.

La Sra. Miguez solicitó reconsideración. El TPI emitió una resolución reiterándose en su decisión original. Estableció que la Sra. Miguez tenía el peso de establecer que se cumplen con los requisitos para la certificación de un pleito de clase. Afirmó, que la apelante no había demostrado que cumplía con tales requisitos, en particular con el requisito de numerosidad. Dispuso que no se había presentado prueba ni estimado razonable

que llevase al Tribunal a concluir que se cumplió con este requisito y que la frase *"miles de consumidores"* no proveía fundamento válido ni se refería a factores concretos que pudieran llevar a esa conclusión. Manifestó, que no existía apoyo para determinar que las cuestiones de hecho y derecho comunes a los demás miembros de la clase eran predominantes a aquellas cuestiones que afectan a los individuos en particular. Determinó, que la Sra. Miguez no demostró que el pleito de clase era una alternativa superior a los demás métodos de adjudicación disponibles ni que estuviera en la misma posición que los demás consumidores que pretendía representar. Concluyó, que aunque no se redefiniera la clase, la apelante no estaba cualificada para representarla porque no existía comunidad ni tipicidad. Finalmente, justificó su dictamen en el hecho de que la Sra. Miguez no hizo referencia a procedimientos paralelos u solicitudes de intervención que lo llevaran a concluir que el pleito de clase era una alternativa de adjudicación superior a las demás.

La apelante presentó una segunda moción de reconsideración, la cual fue rechazada de plano por el TPI.

Inconforme, oportunamente la Sra. Miguez recurre ante nos, señalando que:

*"Erró el Tribunal recurrido al no conceder el remedio que establece el Artículo 1257 y 1258 para otorgantes inocentes de contratos nulos que carecen de causa lícita.*

*Erró el Tribunal recurrido al determinar que no procede certificar el presente pleito como uno de clase.*

*En la alternativa, erró el Tribunal recurrido al no ordenar a la parte demandada-apelada a cumplir con el descubrimiento de prueba que permitiera establecer que los criterios de certificación para un pleito de clase se satisfacen en el caso de autos."*

Sedeco presentó alegato en oposición. Con el beneficio de los alegatos de ambas partes, pasamos a resolver.

## II
Discutiremos en primer orden el segundo y tercer señalamiento de error.

En el segundo señalamiento, la Sra. Miguez le imputa al TPI haber errado al no certificar el pleito como uno de clase cuando el mismo alegadamente cumple con todos los requisitos estatuidos en la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 20, y en la Ley Núm. 118, *supra.* Arguye, que ella al igual que los demás miembros de la clase han sufrido daños por la conducta ilegal de Sedeco.

Como es sabido, la acción de clase es un procedimiento que permite la representación de un nutrido grupo de personas con reclamaciones típicas basadas en los mismos hechos o cuestiones de derecho de manera que la adjudicación tenga la extensión y la profundidad necesaria para resolver las controversias presentadas. *García Rubiera y otros v. Asociación de Suscripción Conjunta de Seguros de Responsabilidad Obligatorio*, 164 D.P.R. \_\_\_\_ (2005), **2005 J.T.S. 108**; *Noriega v. Gobernador*, 122 D.P.R. 650, 684 (1988); *Cuadrado Carrión v. Romero Barceló*, 120 D.P.R. 434, 445-446 (1988).

El Tribunal Supremo ha señalado que la figura del pleito de clase adelanta los siguientes objetivos: (1) fomenta la economía judicial en la medida que disminuye el número de casos que deben resolver los tribunales al permitirles adjudicar de una vez todas las cuestiones comunes a varios litigios, evitando la posibilidad de reclamaciones múltiples y repetitivas; (2) permite hacer justicia a personas que de otra manera no la obtendrían, especialmente cuando las sumas individuales en controversia no son cuantiosas y, por lo tanto, las personas agraviadas no se sienten motivadas a litigar; y (3) protege a las partes de sentencias inconsistentes. *García Rubiera y otros v. Asociación de Suscripción Conjunta de Seguros de Responsabilidad Obligatorio, supra*; *Rivera Castillo v. Municipio de San Juan*, 130 D.P.R. 683, 691 (1992); *Cuadrado Carrión v. Romero Barceló, supra*, a la pág. 446.

Las acciones o pleitos de clase están regulados por la Regla 20 de Procedimiento Civil, *supra*. La Regla 20.1, 32 L.P.R.A. Ap. III, R. 20.1, dispone lo siguiente:

"*Uno o más miembros de una clase podrán demandar o ser demandados como representantes de todos los miembros de la clase solamente si:*

*(1) la clase fuere tan numerosa que la acumulación de todos los miembros resultare impracticable;*

*(2) existieren cuestiones de hechos o derecho común a la clase;*

*(3) las reclamaciones o defensas de los representantes fueren típicas de las reclamaciones o defensas de la clase; y*

*(4) los representantes protegerían los intereses de la clase de manera justa y adecuada.*"

El Tribunal Supremo al interpretar la Regla 20 de Procedimiento Civil, *supra*, en *Cuadrado Carrión v. Romero Barceló*, *supra*, a las págs. 447-458, examinó brevemente los principios generales de la norma para la certificación de un pleito de clase. Dispuso que previo a certificar una acción como un pleito de clase, el tribunal debe cerciorarse que se cumplen con los referidos criterios de numerosidad, comunidad, tipicidad y adecuacidad. "*Ausente cualquiera de estas condiciones, no procede la certificación.*" *Id.* a la pág. 458.

Para satisfacer el requisito de "*numerosidad*" como elemento en el pleito clase, basta con demostrar que la acumulación crearía ciertos inconvenientes y obstáculos en la tramitación de un caso. También otros factores, tales como la dispersión geográfica, la posibilidad de que los miembros de la clase puedan ser identificados para propósitos de la acumulación, la naturaleza del pleito, la cuantía de la reclamación y la habilidad de cada miembro para hacer valer sus derechos de forma individual, resultan de gran ayuda para este análisis.

El requisito de "*comunidad*" requiere tan sólo una cuestión común de hecho o de derecho, por lo que no es necesario que se de una completa identidad en tales asuntos. La "*tipicidad*" requiere que las reclamaciones o defensas de los representantes sean típicas a las reclamaciones o defensas de la clase. Para que este requisito sea satisfecho, tiene que existir una relación entre las reclamaciones de los demandantes y las de la clase que se intenta representar. Por último, para que se pueda tramitar un pleito de clase se requiere una "*adecuada representación*", es decir que el demandante que pretende representar a una clase represente adecuadamente los intereses de los miembros ausentes de la clase. Este requisito es uno de "*génesis constitucional*", pues quien pretende representar a una clase tiene que asegurarse que el trámite judicial cumpla con el debido proceso de ley. *Cuadrado Carrión v. Romero Barceló*, *supra*, a las págs. 449-458.

Una vez establecido que los miembros de la clase cumplen a cabalidad con los requisitos exigidos por la Regla 20.1, *supra*, para que el pleito pueda continuar como uno de clase, deberá evaluarse si en el mismo está presente, además, al menos una de las situaciones señaladas en la Regla 20.2 de Procedimiento Civil, 32 L.P.R. A. Ap. III, R. 20.2, la cual dispone:

Un pleito podrá sostenerse como un pleito de clase si los requisitos de la Regla 20.1 fueren satisfechos, y en adición:

"*a) la tramitación de pleitos separados por o en contra de miembros individuales de la clase crearía un riesgo de:*

*(1) adjudicaciones inconsistentes o variadas con respecto a miembros individuales de la clase, que establecerían normas de conducta incompatibles para la parte que se opone a la case;*

*(2) adjudicaciones con respecto a miembros individuales de la clase, que para todos los fines prácticos dispondrían de los intereses de los otros miembros que no sean partes en las adjudicaciones o, empeorarían, o impedirían sustancialmente su habilidad para proteger sus intereses; o*

*b) la parte que se opone a la clase ha actuado o ha rehusado actuar por razones aplicables a la clase en general, en forma tal que resulte apropiado conceder finalmente un remedio mediante interdicto o sentencia declaratoria correspondiente con respecto a la clase en general; o*

*c) el tribunal determina que las cuestiones de hechos o de derecho comunes a los miembros de la clase predominen sobre cualesquiera cuestiones que afecten solamente a miembros individuales y que el pleito de clase sea superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para las determinaciones incluyen:*

*(1) el interés de los miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separados;*

*(2) la naturaleza y alcance de cualquier litigio relativo a la controversia ya comenzado por o en contra de miembros de la clase;*

*(3) la deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico;*

*(4) las dificultades que probablemente surgirían en la tramitación de un pleito de clase."*

El Tribunal Supremo ha expresado que la determinación de si un pleito puede tramitarse como uno de acción de clase, no puede descansar en la mera especulación y que el peso de la prueba recae en el promovente de la certificación. *Cuadrado Carrión v. Romero Barceló, supra,* a la pág. 450. De este modo, corresponde al promovente demostrar el cumplimiento de cada uno de los requisitos establecidos por la Regla 20.1 y, en adición, al menos uno de los requisitos de la Regla 20.2. *García Rubiera y otros v. Asociación de Suscripción Conjunta de Seguros de Responsabilidad Obligatorio, supra.*

En cuanto a la determinación de si un pleito se tramitará como una acción de clase, la Regla 20.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 20.3, dispone que, tan pronto como sea factible, luego de la radicación de un pleito traído como pleito de clase, el tribunal determinará, mediante orden, si se mantendrá como tal. Una orden bajo este inciso podrá ser condicional y podrá ser alterada o enmendada antes de la decisión en los méritos. *Id.*

De otra parte, nuestra Asamblea Legislativa ha reconocido además del pleito de clase provisto por la Regla 20, *supra,* otros pleitos para asuntos específicos. La Ley Núm. 118 de 25 de junio de 1971, 32 L.P.R.A. sec. 3341 y siguientes, le reconoció tanto a los consumidores como al Estado y sus dependencias un derecho a presentar una acción en daños y perjuicios a nombre de los consumidores. A tales efectos la sección 1, 32 L.P. R.A. sec. 3341, dispone:

*"Se reconoce el derecho de los consumidores de bienes y servicios y/o al Estado Libre Asociado de Puerto Rico, por sus agencias, dependencias e instrumentalidades en su carácter de parens patriae, a instar un pleito de clase a nombre de dichos consumidores por razón de daños y perjuicios así como acciones de injunction bajo la Regla 57 de Procedimiento Civil de 1958 para el Tribunal General de Justicia, según enmendadas."*

Mientras que la sección 3, 32 L.P.R.A. sec. 3343, establece que:

*"El Tribunal de Primera Instancia tendrá jurisdicción primaria exclusiva en los pleitos de clase*

*presentados en virtud de este capítulo. A tales efectos, queda investido con autoridad para prevenir, evitar, detener y castigar acciones en perjuicio de los consumidores y/o comerciantes independientemente de la cuantía envuelta, y durante el procedimiento, antes de recaer el fallo final, el tribunal podrá emitir órdenes restrictivas y prohibitivas, según lo crea justo y equitativo, en cuanto al acto que produjo la acción. [...]".*

Por último la sección 4, 32 L.P.R.A. sec. 3344, dispone que:

*"Cuando se inicie una acción de clase de acuerdo a lo provisto por esta sección, el tribunal deberá, tan pronto como sea posible, determinar si existe una cuestión común de hecho o de derecho y que la acción de clase es superior a otros medios disponibles para la adjudicación justa y eficiente de la controversia.*

*El tribunal notificará a los miembros de la clase de la manera más práctica posible bajo las circunstancias. Se notificará personalmente a aquellos miembros de la clase que puedan ser identificados mediante un esfuerzo razonable.*

*La notificación indicará que:*

*(1) El tribunal excluirá a cualquier miembro de la clase si éste lo solicita específicamente.*

*(2) La sentencia incluirá a todos los miembros que no soliciten exclusión.*

*(3) Cualquier miembro de la clase que no solicite exclusión podrá, si así lo desea, comparecer por medio de su abogado."*

Un pleito de clase iniciado bajo esta sección no será desistido o transigido sin la aprobación del tribunal. Deberá notificarse la solicitud de desistimiento o transacción que se interese a todos los miembros de la clase en la forma que el tribunal dispusiere.

En el caso ante nuestra consideración, el TPI concluyó que no debía certificarse el presente pleito como una acción de clase. Dicho foro denegó la solicitud bajo el fundamento de que la Sra. Miguez no podía representar adecuadamente a los miembros de la clase. Esto debido a que la apelante no había sufrido daño alguno como consecuencia de haber adquirido un contrato de servicio que era nulo por Sedeco haberlo vendido sin tener la autorización del Comisionado de Seguros como lo requiere la Ley Núm. 372, *supra*.

La Ley Núm. 118, *supra*, permite que uno o varios consumidores puedan instar un pleito de clase por razón de daños y perjuicios. Indubitablemente, este estatuto coexiste con la Regla 20, *supra*. Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, Michie, Puerto Rico, 1997, a la pág. 96. Por lo que es necesario que el promovente del pleito demuestre haber cumplido con todos y cada uno de los requisitos establecidos en dicha regla.

Por ser una acción de daños y perjuicios, el promovente debe probar en primer lugar que ha sufrido un daño. Este hecho está atado al requisito de tipicidad, el cual es necesario para que haya una representación adecuada.

Hemos examinado minuciosamente los autos y no surge evidencia alguna que demuestre que la aquí apelante sufrió un daño por haber adquirido el contrato de servicio que le vendió Sedeco. El promovente de un pleito de clase de consumidores no puede representar adecuadamente a los demás consumidores si no ha sufrido un daño concreto y real, pues no es típica su reclamación a la de los demás miembros de la clase que podrían reclamar individualmente por sus daños. Por lo que, al no quedar demostrado que se cumplía adecuadamente con los requisitos de tipicidad y representación adecuada, no procedía la certificación del presente caso como

uno de clase. No se cometió el error señalado.

## III

Como tercer señalamiento, plantea la Sra. Miguez que el TPI erró al determinar, sin que se culminara el descubrimiento de prueba, que el presente pleito no podía ser certificado como uno de clase. Aduce que el descubrimiento de prueba era necesario para que esta pudiera evidenciar que se cumplía con los criterios de la Regla 20, *supra*, en específico el de numerosidad. Alega que en el pliego de interrogatorio habían dos preguntas que giraban en torno al número de personas que pudieran pertenecer a la clase putativa.

Recientemente, el Tribunal Supremo resolvió en el caso *García Rubiera y otros v. Asociación de Suscripción Conjunta de Seguros de Responsabilidad Obligatorio*, *supra*, que constituyó un abuso de discreción por parte del Tribunal de Instancia el denegar la certificación de un pleito de clase sin celebrar una vista en la que se le diera oportunidad a los promoventes del pleito de presentar evidencia que demostrase el cumplimiento de los criterios requeridos por la Regla 20, *supra*, y que tuviera el efecto de poner al tribunal en posición óptima de hacer la determinación de si, en efecto, éstos se cumplían o no.

La demanda, en el caso de marras, fue acompañada de un primer pliego de interrogatorios y de un requerimiento de admisiones que le cursó la Sra. Miguez a Sedeco. Al momento en que el TPI emitió la sentencia apelada ni el interrogatorio ni el requerimiento de admisiones habían sido contestados. Por lo que el descubrimiento de prueba nunca culminó.

No obstante, este hecho en nada cambia el resultado del presente caso, pues de haberse contestado el pliego de interrogatorios lo único que hubiese podido probar la Sra. Miguez era si cumplía o no con el requisito de numerosidad. Los requisitos de tipicidad y representación adecuada seguirían estando ausentes. En ese sentido se distingue, el caso que nos ocupa, de *García Rubiera y otros v. Asociación de Suscripción Conjunta de Seguros de Responsabilidad Obligatorio*, *supra*. No se cometió el error señalado.

## IV

Por último, señala la Sra. Miguez que el TPI incidió al no concederle a las personas que adquirieron de Sedeco un contrato de servicio, que es nulo por carecer de causa lícita, los remedios que establecen los artículos 1257 y 1258 del Código Civil, 31 L.P.R.A. secs. 3516 y 3517. No le asiste la razón.

El TPI, en el caso de autos, no podía concederle ningún remedio a los consumidores miembros de la clase que la Sra. Miguez pretendía representar, ya que, al no certificar el presente pleito como uno de clase, dicho foro nunca adquirió jurisdicción sobre esas personas. A quien único podía otorgarle un remedio era a la aquí apelante porque esta última se sometió voluntariamente a su jurisdicción. No se cometió el error señalado.

## V

Por los fundamentos que anteceden, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones