# 2008 DTA 82

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN/HUMACAO**
**PANEL V**

CARMEN E. SÁNCHEZ MARTÍNEZ
Apelante

v.

ESTADO LIRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE LA FAMILIA, YOLANDA ZAYAS EN SU CAPACIDAD OFICIAL, FELIPE DEL VALLE RIVERA, SU ESPOSA FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Apelados

Núm. KLAN-2007-00109

San Juan, Puerto Rico, a 10 de junio de 2008

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Salas Soler y la Juez Velázquez Cajigas

Velázquez Cajigas, Jueza Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

La Sra. Carmen Sánchez Martínez (Sra. Sánchez Martínez, demandante o apelante), nos solicita revisemos la sentencia emitida el 19 de diciembre de 2006 por el Tribunal de Primera Instancia, Sala Superior de Humacao (T.P.I.) Dicha sentencia desestimó por prescripción la demanda en daños y perjuicios presentada por la apelante el 8 de mayo de 2006, relacionada a hechos ocurridos el 26 de mayo de 2000. La apelante señala que incidió el tribunal, ya que diversos trámites habían interrumpido el término prescriptivo. Examinado los hechos particulares del presente caso, confirmamos la sentencia del T.P.I.

**I**

La apelante trabajaba para el Departamento de la Familia, en el programa de *"Child Care"* de CEDEPECO. En septiembre de 1998 fue reubicada de su posición regular en la Plaza del Mercado en Naguabo, a la *"Oficina Local"* del Departamento de la Familia en dicho municipio. La reubicación fue para reforzar la capacidad de proveer ayuda a las víctimas del huracán Georges. El 26 de mayo de 2000, el supervisor inmediato de la apelante le notificó que la estaba transfiriendo de vuelta a su posición en la Plaza del Mercado en Naguabo. Inconforme con el traslado de vuelta a la oficina de la Plaza del Mercado, la apelante ha instado una compleja serie de acciones al nivel administrativo estatal y federal y, además, ante los foros judiciales federales y estatales, reclamando discrimen por género y hostigamiento sexual por su supervisor. Reseñaremos los aspectos principales de este complejo y extenso trámite al discutir los señalamientos de errores.

El último ciclo en el trámite de reclamos de la apelante comenzó el 8 de mayo de 2006, con la presentación de una demanda ante el Tribunal de Primera Instancia, Sala Superior de Humacao, caso Núm. HSCI200600492. Ésta es una demanda sobre discrimen en el empleo, hostigamiento sexual, y daños y perjuicios, presentada por la Sra. Sánchez Martínez contra el E.L.A., el Departamento de la Familia, su Secretaria Yolanda Zayas en su capacidad oficial, el Sr. Felipe Del Valle Rivera en su capacidad oficial, el Sr. Felipe Del Valle Rivera en su capacidad personal, la esposa de éste y la sociedad de gananciales compuesta por ambos.

Las alegaciones de la demanda imputan que el Sr. Del Valle Rivera utilizó lenguaje grosero con connotaciones sexuales al referirse a la demandante. Además, imputan otras expresiones, tales como invitaciones a fiestas del grupo de trabajo, que según la demandante constituyen hostigamiento sexual de la demandante por el Sr. Del Valle Rivera. A base de lo anterior alega causas de acción por: discrimen por género (Ley Núm. 100 de 30 de junio de 1959); hostigamiento sexual (Ley Núm. 17 de 22 de abril de 1988); y daños y perjuicios (Art. 1802 y 1803 del Código Civil, 31 L.P.R.A. secs. 5141 y 5142).

El 19 de julio de 2006, el E.L.A. presentó una moción de desestimación aduciendo que los hechos alegados como origen para las causas de acción de la demanda ocurrieron el 26 de mayo de 2000 y que los trámites llevados a cabo en el período desde dicha fecha no constituían la interrupción del término prescriptivo. La demandante presentó varias mociones de prórroga para replicar a la moción de desestimación, las cuales les fueron concedidas, no obstante lo cual, ésta no presentó una oposición a la solicitud de desestimación.

El 19 de diciembre de 2006, el tribunal emitió sentencia en la cual, luego de examinar varios detalles del trámite procesal, procedió a desestimar la demanda con perjuicio. En esa etapa, luego de serle notificada la sentencia, la apelante presentó una Moción Solicitando Reconsideración. El tribunal no se expresó sobre ésta, por lo que quedó rechazada de plano.

Inconforme, la Sra. Sánchez Martínez presentó un recurso de apelación ante este Foro, señalando que:

*"1- Erró el TPI al no acoger la moción de reconsideración y por ende no revocar su decisión de desestimar*

*la demanda por alegada prescripción.*

*2- Erró el TPI al desestimar la demanda de [sic] por alegadamente la apelante haberse sometido a tratamiento en el Fondo del Seguro del Estado (FSE) cuando el caso de la apelante en el FSE fue declinado por falta de jurisdicción según Odriozola v. Superior Cosmetik [sic], 116 D.P.R. 485 (1977).*

*3- Conforme a Padín Espinosa v. Corp. Fomento Industrial, 200 [sic] JTS 44, la demanda no podía ser desestimada por prescripción, ya que el momento en que comenzaba el período prescriptivo para la apelante radicar su demanda fue al conocer la decisión del FSE denegando tratamiento o sea el 31 de mayo de 2002."*

El E.L.A., representado por la Oficina del Procurador General, nos presentó su alegato en oposición a la apelación. Procedemos a resolver.

## II
Consideraremos los tres señalamientos en conjunto, dada la estrecha relación entre éstos.

La demanda de autos fue desestimada por varios fundamentos, el principal de los cuales es que la causa de acción estaba prescrita. Los propósitos principales que persigue la institución de la prescripción de las causas de acción fueron descritos en *Arce y otros v. Motorola*, **2008 JTS 79**, como sigue:

*"La prescripción es una institución de derecho sustantivo regida por las disposiciones de nuestro Código Civil. El Artículo 1861 del Código Civil, 31 L.P.R.A. § 5291, establece que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". El propósito de dicha figura es "evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos, ya que el transcurso del período de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono". González v. Wal-Mart, Inc., 147 D.P.R. 215 (1998). La prescripción extintiva evita las consecuencias que genera la resucitación de reclamaciones viejas como la pérdida de evidencia, la pérdida de testigos o dificultad para contactarlos y la memoria imprecisa. Culebra Enterprises Corp. v. E.L.A., 127 D.P.R. 943, 950 (1991). En particular, constituye una de las formas en que se extinguen las obligaciones, debido a la inacción de la parte afectada en el ejercicio de sus derechos. Galib Frangie v. El Vocero, 138 D.P.R. 560, 574 (1995).*

*Dicha institución persigue concederle a la parte afectada un período de tiempo razonable para ejercer sus derechos y a la vez **proteger a la parte demandada de estar sujeta a una posible reclamación de forma indefinida**. Rivera Castillo v. Mun. de San Juan, 130 D.P.R. 683 (1992). Al evaluar bajo nuestro ordenamiento civil, cuándo debe interrumpirse un período prescriptivo, estos intereses deben ser considerados. Id. (Énfasis suplido.)*

*Una vez el término prescriptivo en cuestión se interrumpe, comenzará a decursar nuevamente desde el momento en que se produce el acto interruptor. Sánchez v. Aut. de los Puertos, 153 D.P.R. 559 (2001). El Artículo 1873 del Código Civil, 31 L.P.R.A. § 5303, establece que "[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales [...]". Ello constituye una "manifestación inequívoca" del que posee el derecho y opta por ejercerlo, eliminado así la incertidumbre en las relaciones jurídicas. Sánchez v. Aut. de los Puertos, ante. **Lo importante al considerar cuando se interrumpe un término prescriptivo es que la parte demandada quede adecuadamente avisada de la existencia de una reclamación y de la persona o grupo de personas que la comparten."* (Énfasis suplido.)

En *Meléndez v. Berríos*, **2008 J.T.S. 24**, el Tribunal Supremo resumió varias de las otras doctrinas sobre prescripción pertinentes al caso de autos como sigue:

En ocasión de que el transcurso del tiempo extinga un derecho, nos encontramos ante la prescripción extintiva. En ésta, *"la Ley fija un límite de tiempo para el ejercicio de los derechos, transcurrido el cual establece una presunción de renuncia o abandono de la acción para reclamarlos"*. J. Puig Brutau, *Caducidad, Prescripción Extintiva y Usucapión*, 3ra Ed., Barcelona, Ed. Bosch, 1996, pág. 92. La prescripción extintiva también persigue castigar la inercia en el ejercicio de los derechos. *Suárez v. Figueroa*, 145 D.P.R. 142 (1998); *Meléndez v. El Vocero de P.R., ante*. A tales efectos, hemos expresado que *"el transcurso del período de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a la presunción legal de abandono del mismo..."*, **a la vez eliminando la incertidumbre de las relaciones jurídicas.** *García v. E.L. A., ante*, pág. 142. (Énfasis suplido.)

Así, cuando transcurre el período de tiempo que fija la ley, se extingue la acción para hacer efectivo el derecho en cuestión y el deudor queda liberado de su obligación en tanto puede negarse a cumplir con la misma bajo el fundamento de que ésta fue reclamada tardíamente. *García v. E.L.A., ante*. La prescripción extintiva opera en torno a los derechos reales y a los de crédito. Castán Tobeñas, *op. cit.*, pág. 965.

Castán, citando a Coviello, señala tres requisitos para que se configure la prescripción extintiva, a saber: (1) la existencia de un derecho que se pueda ejercitar, (2) la falta de ejercicio o inercia por parte del titular, y (3) el transcurso del tiempo determinado en la ley. Castán Tobeñas, *op. cit.*, pág. 973. Véase además J.R. Vélez Torres, *Derecho de Obligaciones: Curso de Derecho Civil*, 2da Ed., San Juan, Ed. Programa de Educación Jurídica Continua, Facultad de Derecho U.I.A, 1997, pág. 371.

Nuestro Código Civil establece los términos prescriptivos particulares para las diversas acciones, tanto las reales como las personales. ... .

...

Ahora bien, la prescripción de un derecho es lo excepcional, en vista de que su ejercicio o conservación es lo normal. *Meléndez v. El Vocero de P.R., ante; Galib Frangie v. El Vocero de P.R.*, 138 D.P.R. 560 (1995). Como corolario de lo anterior, **nuestro ordenamiento jurídico permite la interrupción de los términos prescriptivos. Éstos se entienden interrumpidos cuando el titular del derecho lleva a cabo gestiones que demuestran su interés en reclamar su acreencia.** Puig Brutau, *Caducidad, op. cit.*, pág. 92. Sobre el particular, el Artículo 1873 del Código Civil, 31 L.P.R.A. §5303, dispone que *"[l]a prescripción de las acciones se interrumpe por ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor." Una vez el término queda interrumpido, comenzará a computarse nuevamente desde el momento en que se produce el acto interruptor. Sánchez v. Aut. de los Puertos, ante; Suárez v. Figueroa, ante; García v. E.L.A., ante*. (Énfasis suplido.)

No existen requisitos de forma para una reclamación extrajudicial, por lo cual ésta puede ser verbal o escrita, siempre que sea efectuada dentro del término prescriptivo. Vélez Torres, *Derecho de Obligaciones, op. cit.*, pág. 381; *Meléndez v. Berríos, ante; Sánchez v. Aut. de los Puertos, ante; Maldonado v. Russe*, 153 D.P.R. 342 (2001); *De León v. Caparra Center*, 147 D.P.R. 797 (1999); *Galib Frangie v. El Vocero de P.R., ante*. Incluso, la ley no limita los actos que pueden ser interruptores, admitiendo todos aquellos en que la voluntad del acreedor quede patente. *Meléndez v. Berríos, ante; Galib Frangie v. El Vocero de P.R., ante*.

**Para que surta un efecto interruptor, la reclamación extrajudicial debe ser una manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo.** *Meléndez v. Berríos, ante; Sánchez v. Aut. de los Puertos, ante; De León v. Caparra Center, ante; Martínez v. Soc. de Gananciales*, 145 D.P.R. 93 (1998); *Meléndez v. El Vocero de P.R., ante; García v. E.L.A., ante; Galib Frangie v. El Vocero de P.R., ante*. (Énfasis suplido.)

Para que una reclamación extrajudicial interrumpa un término prescriptito, deben darse los siguientes requisitos, a saber: (1) **que se realice antes de la consumación del plazo;** (2) **que se haga por el titular del derecho o acción;** (3) **que el medio utilizado sea adecuado o idóneo;** y (4) **que exista identidad entre el derecho reclamado y aquél afectado por la prescripción.** *Meléndez v. Berríos, ante; Sánchez v. Aut. de los Puertos, ante; Maldonado v. Russe, ante; Galib Frangie v. El Vocero de P.R., ante; De León v. Caparra Center, ante.* **Le corresponde al titular del derecho demostrar el cumplimiento con dichos requisitos.** *Sánchez v. Aut. de los Puertos, ante.* (Énfasis suplido.)

De otra parte, en *Díaz de Diana v. A.J.A.S. Ins. Co.,* 110 D.P.R. 471, 476 (1980), citando a Díez Picazo, adoptamos la norma de que una reclamación extrajudicial *"es un acto de declaración de voluntad de naturaleza recepticia.* **Debe ser dirigido al sujeto pasivo del derecho y debe ser recibido por éste. De aquí que no pueda reconocerse eficacia interruptiva a los actos de afirmación de un derecho que no sean dirigidos al obligado o sujeto pasivo de la acción, sino a terceros, a personas distintas, a la generalidad."** Véase *Meléndez v. Berríos, ante; Zambrana Maldonado v. E.L.A.,* 129 D.P.R. 740 (1992) (Énfasis suplido.)

En *Zambrana v. ELA,* 129 D.P.R. 740 (1992), citando a *Feliciano v. A.A.A.,* 93 D.P.R. 655, 660 (1996), el Tribunal Supremo resolvió que si en la notificación que el demandante cursó al demandado, aquél se limitó meramente a ofrecer información, entonces el término prescriptivo no quedó interrumpido, ya que la mera información no constituye "*la manifestación inequívoca de quien amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo.*" Véase también *Cintrón v. E.L.A.,* 127 D.P.R. 582 (1990).

Finalmente, respecto la obligación de presentar evidencia que establezca o refute la alegación de que el período prescriptivo fue interrumpido, la jurisprudencia ha establecido que la *"carga de la prueba corresponde a quien alega interrumpió el término de prescripción."* *Sánchez v. Aut. de los Puertos, ante; Acosta Quiñones v. Matos Rodríguez,* 135 D.P.R. 668 (1994).

## III

### A

En el caso de autos, los hechos que motivan la demanda ocurrieron en o antes del 26 de mayo de 2000, pero la demanda fue presentada el 8 de mayo de 2006, seis años luego de ocurridos los hechos. Por lo tanto, ante un reclamo de que la causa de acción estaba prescrita, correspondía a la demandante, aquí apelante, el peso de producir **oportunamente** la evidencia que demostrara que durante dichos seis años nunca transcurrió un período de un año entre la fecha de los hechos y las causas de acción instadas bajo los Arts. 1802 y 1803, *supra,* la Ley Núm. 100, *supra,* y la Ley Núm. 17, *supra.*

La parte apelada argumenta persuasivamente que en tanto la apelante no presentó su oposición a la desestimación oportunamente, no procede considerar sus planteamientos, presentados luego de recaer la sentencia, al efecto de que interrumpió el período prescriptivo. La solicitud de desestimación fue presentada y notificada a la parte demandante el 19 de julio de 2006. La Regla 8.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 8.4, [1] dispone un término de diez (10) días para contestar la moción o solicitar prórroga, por lo que el término vencía el 29 de julio de 2006. La apelante no presentó su oposición ni solicitó prórroga dentro del término provisto. En vez, presentó una primera solicitud de prórroga el 14 de agosto.

En atención a lo anterior, mediante resolución notificada el 22 de agosto de 2006, el tribunal emitió la siguiente orden:

*"REPLIQUE DEMANDANTE EN EL TÉRMINO DE 20 DÍAS.*

*A pesar de la orden expresa, cuyo término venció el 11 de septiembre de de 2006, la parte demandante no*

*presentó su oposición a la desestimación, desacatando sin causa justificada la orden del tribunal.*

*Ante otra solicitud de prórroga por la demandante, mediante resolución notificada el 3 de octubre de 2006, el tribunal le concedió una prórroga, de veinte (20) días adicionales, por lo que luego de esta prórroga, el nuevo término vencía el 23 de octubre de 2006."*

**La parte demandante tampoco se opuso a la desestimación dentro de este nuevo término,** sino que reiteró su comportamiento de limitarse a solicitar prórroga adicional, esta vez de treinta (30) días. El tribunal concedió dicha prórroga final mediante resolución notificada el 27 de octubre de 2007, por lo que bajo ésta el término vencía el 26 de noviembre de 2006, o sea, más de cuatro meses luego de haberse notificado la solicitud de desestimación. No surge del expediente que existiera ninguna situación especial que justificara la demora en presentar la oposición a la desestimación.

**La demandante tampoco cumplió con su obligación de presentar su oposición dentro de esta última extensión del término.** Por lo tanto, el 19 de diciembre, notificada el 22 de diciembre de 2006, el tribunal emitió una sentencia fundamentada desestimando la demanda luego de evaluar los planteamientos presentados en la moción de desestimación.

Tardíamente, pasadas todas las prórrogas que le fueron concedidas, la parte demandante intentó oponerse a la desestimación mediante *"Moción Solicitando Reconsideración"* presentada el 9 de enero de 2007, a los 18 días de notificada la sentencia.

La función u objetivo principal de una moción de reconsideración es dar una oportunidad al tribunal que dictó la sentencia o resolución cuya reconsideración se pide, para que pueda enmendar o corregir los errores en que hubiese incurrido al dictarla. *Castro v. Sergio Estrada Auto Sales, Inc.,* 149 D.P.R. 213 (1999). Dicha moción **no** tiene como propósito el permitir que se le presente al tribunal evidencia que debió haber sido presentada previamente, tal como evidencia para respaldar una alegación que la parte demandante había interrumpido el período prescriptivo. En término generales, una moción presentando nueva evidencia procedería solamente si cumple con el requisito del inciso (2) de la Regla 49.2 de Procedimiento Civil, 32 L.P. R.A. Ap. III, R. 49.2(2), o sea, si consiste de *"la presentación de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo"*. Si la evidencia incluida para sustentar la moción de reconsideración no estuvo disponible a pesar de la debida diligencia de la parte, entonces el tribunal debe considerarla. Pero no así cuando la falta de su presentación debe a una tardanza injustificada de la parte que solicita reconsideración. En el caso de autos, todos los hechos en que se basa la demandante eran conocidos por ésta, y dicha parte tenía disponible la evidencia documental que acompañó con la solicitud de reconsideración, ya que toda ésta se refiere a gestiones previas a la presentación de la demanda. No incidió el tribunal al desestimar la demanda.

El trámite por la parte demandante denota una negligencia y desidia que no puede ser tolerada por los tribunales. A pesar de la orden expresa que le fue notificada el 22 de agosto de 2006, cuyo término expiró el 11 de septiembre de 2006, dicha parte se limitó a presentar solicitudes de prórroga, una tras otra. **[2]**

Además, tomamos nota que en el presente caso no es la primera vez que la apelante incumple con su obligación procesal de oponerse a una solicitud de desestimación. En el único de los litigios previos del cual se presentó evidencia documental, la demanda civil Núm. 01-2179 (JP) ante la Corte de Distrito Federal para el Distrito de Puerto Rico, la apelante demostró el mismo incumplimiento con sus obligaciones procesales. En la opinión mediante la cual se desestimó dicha demanda, por dejar de exponer una causa de acción que justifique la concesión de un remedio, el Juez Jaime Pieras expuso la norma que violó la apelante como sigue:

*"The court, however, need not accept a complaint's "'bald assertions' or legal conclusions" when*

*assessing a motion to dismiss. Abbott III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (citing Shaw v. Digital Equip. Corp., 92 F3d. 1194, 1216 (1st Cir. 1998)).*

*Further, when faced with a motion to dismiss, a plaintiff cannot expect the trial courts to do his homework for him. CMM Cable Rep. Inc. v. Ocean Coast Properties, Inc., 97 F.3d 1504, 1526 (1ˢᵗ Cir. 1996). He must put his best foot forward in an effort to present a legal theory that will support his claims. McCov. v. Massachusetts Inst. Of Techn., 950 F.2d 13, 22 (1ˢᵗ Cir. 1991). It is with this framework in mind that this court will assess the unopposed motions to dismiss which are before it.*

Concluimos que no incidió el tribunal de instancia al desestimar la demanda por incumplimiento craso de la parte demandante de sus obligaciones procesales. En las circunstancias del presente caso, el tribunal ordenó a la parte presentar su posición respecto la solicitud de desestimación en su resolución notificada el 22 de agosto de 2006. Además, le proveyó toda una serie de prórrogas a la parte demandante para que expusiera su oposición a la desestimación. Ante la inacción de la parte demandante, era razonable concluir que la parte demandante había abandonado su caso y procedía la desestimación. Además, ante el incumplimiento con las órdenes del tribunal también procedía la desestimación, al amparo de la Regla 39.2(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2(a). No incidió el tribunal al desestimar la demanda.

**B**

Independientemente de lo concluido en la parte **III-A**, *supra*, si examinamos el contenido de la Moción Solicitando Reconsideración y del presente recurso de Apelación, también procede el confirmar la desestimación. Los argumentos presentados por dicha parte no cumplen con la carga procesal que tiene una parte que alega haber interrumpido el período prescriptivo. Según antes indicamos, la obligación de presentar evidencia que demuestre que el período prescriptivo fue interrumpido **corresponde a la parte que alega que interrumpió el término prescriptivo**. *Sánchez v. Aut. de los Puertos, ante*; *Acosta Quiñones v. Matos Rodríguez, ante*. Aun si pasamos por alto que la demandante no se opuso oportunamente, al examinar sus argumentos concluimos que ésta no presentó la evidencia necesaria para demostrar que interrumpió el período prescriptivo.

La jurisprudencia antes citada, respecto la interrupción del período prescriptivo, expone que para que un acto interrumpa el período prescriptito, éste tiene que cumplir con los siguientes cuatro requisitos: (1) que se realice antes de la consumación del plazo (tempestividad); (2) que se haga por el titular del derecho o acción (legitimación); (3) que el medio utilizado sea adecuado o idóneo (idoneidad); y (4) **que exista identidad entre el derecho reclamado y aquél afectado por la prescripción (identidad)**.

Uno de los fundamentos principales de la apelante para su alegación de que interrumpió el período prescriptivo son los trámites ante el Equal Employment Opportunity Commission (EEOC). Alega que:

*"La radicación de la apelante de la querella ante el EEOC interrumpió el término prescriptivo y le confirió jurisdicción al Tribunal Federal para atender sus reclamos en dos ocasiones distintas. La notificación por parte de la apelante de una querella ante el EEOC interrumpió efectivamente el término para radicar."*

Es norma conocida que meros argumentos y aseveraciones conclusorias por una parte no constituyen prueba. **En el apéndice del recurso, la apelante no incluyó la querella presentada ante EEOC ni la resolución de la EEOC.** Por lo tanto, no tenemos forma para verificar que los procedimientos ante el EEOC cumplen con los requisitos de tempestividad, legitimación, idoneidad e identidad, necesarios para interrumpir el período prescriptivo. De éstos consideramos particularmente importante el requisito de identidad, que se refiere a que el derecho reclamado ante el EEOC sea idéntico a lo reclamado en la demanda de autos. El único tipo de *"evidencia"* producida por la apelante son los comentarios respecto los procedimientos ante la EEOC incluidos en la opinión mediante la cual se desestima la demanda Núm. 01-2179 (JP) en la esfera federal. (Exhibit I del

Apéndice 2 de la apelante).

Contrario a lo aseverado por la apelante, la opinión en el caso Civil Núm. 01-2179 (JP) analiza la situación como sigue:

*"With regard to her allegation that she filed a timely EEOC complaint, Plaintiff states only the following:*

*Co-Plaintiff Carmen E. Sánchez Martinez exhausted her administrative remedies in this case. She filed within the 180 days of the discriminatory and denigrated acts committed jointly against co-Plaintiff by the Defendants. An Administrative investigation was conducted by EEOC and the local Department of Labor and Human Resources [sic]; and after almost a year, on June 5, 2001, EEOC as well as the Department of Labor entered a decision dismissing the administrative complaint and granting Plaintiff the right to we [sic] before the United States District Court, Puerto Rico [sic]. Carmen Sánchez received said notice on or around June 14, 2001.*

*Compl. at ¶ 16.*

*Unfortunately for Plaintiff, these allegations do not suffice to establish that she properly exhausted her administrative remedies before seeking redress in this forum. Her Complaint is devoid of any description of the charges brought before the EEOC. Therefore the Court cannot rely on the face of the complaint to determine whether her present claims of discrimination are in fact '"like or reasonably related to" the substance of the charges that she brought before the Commission.*

*The only inkling of the charges brought before the Commission are reflected by Exhibit A to Plaintiff's opposition motion, which is an April 19, 2001 letter from the EEOC to Plaintiff that reads in pertinent part:*

*You have alleged that your employer (hereinafter referred to as the "Respondent) has discriminated against you because of your sex (female). Specifically you state that you were [a] victim of sexual harassment during your employment and subsequently you resigned. You have alleged that the actions taken against [you] were discriminatory in violation of Title VII of the Civil Rights Act of 1964, as amended.*
*Plaintiff's Opposition Exhibit A.*

***While this letter states that the charges brought before the administrative agency related to sexual harassment, it does not provide the details necessary for this Court to determine whether the complaint before it is in fact "like or reasonably related to" the substance of the charges that she brought before the Commission.*** *The April 19, 2001 letter fails to specify which employee of the Department of Family sexually harassed her, the type of the sexual harassment suffered (e.g. verbal or physical), or the dates on which the harassment took place. Given that the complaint should have provided information on the EEOC charges, but did not,* ***the Court would indeed be making a jump if it were to blindly accept the scant references to the EEOC charges found in the April 19, 2001 letter as sufficient proof that Plaintiff filed a proper EEOC complaint and that the charges contained therein are "like or reasonably related to" charges brought before this Court.*** *The Court will not extrapolate facts that are unsupported."* (Énfasis suplido.)

Al analizar el texto citado, y la totalidad de la opinión del tribunal federal en el caso Núm. 01-2179 (JP), nos es evidente que el tribunal federal concluyó que no se le había presentado prueba de que los procedimientos ante el EEOC cumplieran con el requisito de *"identidad"*, o sea, **la parte demandante no probó que existiese identidad entre el derecho reclamado ante la EEOC y aquel alegado en la demanda y por lo tanto sujeto al reclamo de prescripción.** Ante la falta de dicha evidencia, procedía el concluir que no se había interrumpido el período prescriptivo, que la causa de acción estaba prescrita y que procedía desestimar la demanda.

Según mencionamos anteriormente, la apelante no nos presentó en el apéndice del presente recurso copia de su querella ante la EEOC, como tampoco copia de la resolución dispositiva emitida por dicha agencia. Por lo tanto, la apelante no nos ha puesto en posición de hacer un análisis independiente de éstas para determinar si la querella presentada ante la EEOC cumple con el requisito de *"identidad"*, o sea, que el derecho reclamado en la demanda de autos sea el mismo que el reclamado ante la EEOC. Concluimos, por lo tanto, que la apelante no estableció que los reclamos ante la EEOC cumplían con el requisito de *"identidad"*, necesario para interrumpir el período prescriptivo en cuanto la demanda de autos.

La demanda Núm. 01-2179 (JP) es el único procedimiento respecto al cual la apelante proveyó documentación. Además de éste, existen varios otros en la cadena de procedimientos que la apelante reclama han interrumpido reiteradamente el término prescriptivo. En cuanto a estos otros, la apelante se limita referirse a su existencia, pero sin presentar evidencia documental alguna de la naturaleza de los reclamos presentados en los mismos. Entre estos está el caso federal Núm. 02-2192 (JAG) y el caso ante el Tribunal de Primera Instancia Núm. HSCI2003-0552. [3] Respecto a estos dos casos, la apelante no acompañó con la Moción Solicitando Reconsideración, ni con el presente recurso de Apelación, documento alguno, o sea, no se incluyó la demanda ni la resolución dispositiva, ni ningún otro documento. Por lo tanto, es imposible determinar si dichos pleitos cumplen con los requisitos de *"tempestividad"*, *"legitimación"*, *"idoneidad"* e *"identidad"* requeridos para poder concluir que interrumpieron el término prescriptivo.

Concluimos que la apelante no cumplió con el requisito de demostrar mediante evidencia que había interrumpido repetidamente el período prescriptivo, de forma tal que al 8 de mayo de 2006 su causa de acción todavía no había prescrito, a pesar de que se basa en hechos ocurridos en o antes del 26 de mayo de 2000, o sea, seis años previos a la presentación de la demanda. Por lo tanto, analizada a base del derecho positivo de prescripción, también procedía la desestimación de la demanda. No incidió el tribunal al desestimar la demanda.

Finalmente, además de lo anterior, la apelante tampoco presentó evidencia de haber cumplido con el requisito de notificación previa al E.L.A. dentro de los noventa (90) días de ocurrido el incidente, según lo dispone la Ley de Reclamaciones y Pleitos contra el Estado, 32 L.P.R.A. secs. 3077 *et seq.* Lo único disponible en el expediente es una carta dirigida al Departamento del Trabajo, Unidad Anti-Discrimen, fechada 24 de julio de 2000. Al final de·la carta aparece una línea que comienza con *"cc"*, **pero luego de esto no incluye ningún nombre**. En particular, no incluye evidencia alguna de que ésta haya sido notificada al Secretario de Justicia, mucho menos evidencia de que la misma haya sido recibida por éste. La falta de cumplimiento con el requisito de notificación al Secretario de Justicia es otra razón para desestimar la demanda.

## IV

Por las consideraciones antes expuestas, se *confirma* la sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2008 DTA 82

**1.** La Regla 8.4 de Procedimiento Civil dispone, en parte: *"Cualquier parte que se oponga a una moción deberá radicar su oposición fundamentada dentro de los diez (10) días siguientes a ser notificado de la moción. Dicha oposición deberá ser acompañada de cualquier documento o affidávit necesario para su resolución. Si no se radicase oposición dentro de dicho término de diez (10) días, la moción se entenderá sometida, a menos que antes de vencer dichos diez (10) días el opositor solicitase una prórroga de dicho término y el tribunal se la concediese."*

**2.** La única de las solicitudes de prórroga que fue incluida en el apéndice de la parte demandante, Apéndice 8, carece de

justificación para la demora, limitándose a informar que no ha terminado el escrito de oposición. El escrito de apelación no indica que existiera alguna situación particular que justificara la demora en presentar su oposición a la desestimación.

3. La apelante también alegó que presentó un reclamo ante el Fondo del Seguro del Estado, el cual fue desestimado por falta de nexo mediante resolución del 31 de mayo de 2002.