EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carmen Nevárez Agosto<br><br>    Peticionaria<br><br>          v.<br><br>United Surety & Indemnity Company y Compañía Aseguradora XYZ<br><br>    Recurridos | Certiorari<br><br>2022 TSPR 57<br><br>209 DPR \_\_\_\_ |

Número del Caso:  CC-2021-466


Fecha: 3 de mayo de 2022


Tribunal de Apelaciones:

    Panel II


Abogado de la parte peticionaria:

    Lcdo. Juan R. Requena Dávila


Abogado de la parte recurrida:

    Lcdo. Luis E. Fusté Lacourt


Materia: Derecho Procesal Civil y Derecho de Seguros- La presentación de un pleito de clase, independientemente se certifique o no la clase, interrumpe el término prescriptivo para incoar una acción directa contra una aseguradora.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen Nevárez Agosto

    Peticionaria

      v.                 CC-2021-0466     *Certiorari*

United Surety & Indemnity
Company y Compañía Aseguradora
XYZ

    Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 3 de mayo de 2022.

El presente caso nos brinda la oportunidad de resolver si un pleito de clase instado por el Secretario del Departamento de Asuntos del Consumidor interrumpió el término prescriptivo que tenía uno de los miembros de la referida clase para presentar, ante el Tribunal de Primera Instancia, una acción para reclamar en daños y perjuicios al amparo de la Ley Núm. 242-2018, *infra*.

Luego de un ponderado y cuidadoso análisis del expediente ante nuestra consideración, así como de las disposiciones legales y jurisprudenciales aplicables, respondemos en la afirmativa. Veamos.

I.

Allá para el 6 de febrero de 2020, la señora Carmen Nevárez Agosto (en adelante, "señora Nevárez Agosto") instó una demanda en daños y perjuicios en contra de United Surety & Indemnity Company (en adelante, "United") y otros. En ella, adujo que es dueña de una propiedad localizada en el Municipio de Caguas, la cual había sufrido graves daños como consecuencia del paso del huracán María por Puerto Rico. Añadió que, para el 20 de septiembre de 2017, dicha propiedad se encontraba cubierta por una póliza de seguro expedida por United. Por tal razón, de conformidad con lo expuesto en la referida póliza, y para reclamar por los daños sufridos a su propiedad explicó que, el **4 de diciembre de 2017**, sometió una reclamación a United, la cual fue resuelta el **4 de enero de 2018.** Sin embargo, a juicio de la señora Nevárez Agosto, al resolver su caso United incumplió con sus obligaciones contractuales, al no proveerle una compensación justa por los daños sufridos por su propiedad. Además, arguyó que United había actuado de mala fe e incurrido en prácticas desleales al fallar en el cumplimiento con los términos del contrato de seguro.

Así también, y en lo relacionado a la controversia que no ocupa, la señora Nevárez Agosto esgrimió que había presentado su causa de acción en contra de United dentro del término prescriptivo de un (1) año que tenía para ello. Razonó que dicho término prescriptivo -- el cual originalmente hubiera vencido el 4 de enero de 2019 -- había quedado

interrumpido con respecto a su reclamo el **18 de septiembre de 2018**, fecha en que el Secretario del Departamento de Asuntos del Consumidor (en adelante, "DACo"), instó ante el Tribunal de Primera Instancia un pleito de clase en contra de varias compañías aseguradoras de Puerto Rico, entre ellas United.[1] Explicó que el Secretario del DACo había incoado el pleito de referencia para atender la incertidumbre de los consumidores y las consumidoras de seguros sobre el término que tenían para acudir a los tribunales en contra de su aseguradora para reclamar daños al amparo de su póliza de seguro.

De forma similar, señaló que, en igual fecha -- entiéndase, el 18 de septiembre de 2018 --, el Comisionado de Seguros de Puerto Rico (en adelante, "Comisionado de Seguros") presentó, en protección del interés público, una demanda sobre sentencia declaratoria. Al respecto, manifestó que el Comisionado de Seguros había solicitado al foro primario que declarara que el término para que una persona asegurada solicitara un remedio judicial contra su aseguradora era uno prescriptivo, susceptible de interrupción, y no uno de caducidad.[2]

A todo ello, la señora Nevárez Agosto añadió que, mientras el Tribunal de Primera Instancia dilucidaba los referidos pleitos -- los cuales fueron consolidados --, entró en vigor la Ley Núm. 242-2018, *infra*. Sostuvo que, entre otras cosas, la aludida ley enmendó el Artículo 11.190 del Código

---

[1] Caso número SJ2018CV07570.

[2] Caso número SJ2018CV07583.

de Seguros de Puerto Rico, *infra*, para precisar que el término que ostentaba una persona asegurada para instar una acción directa, con el fin de recuperar daños al amparo de una póliza de seguro, era uno de prescripción, sujeto a interrupción.

Al respecto, indicó que, como consecuencia de lo anterior, el **14 de febrero de 2019** el foro primario emitió una *Sentencia* mediante la cual desestimó con perjuicio los pleitos instados por el Secretario del DACo y el Comisionado de Seguros por haberse tornado académicos. A juicio del Tribunal de Primera Instancia, los reclamos incoados por los mencionados funcionarios públicos quedaron resueltos mediante la aprobación de la Ley Núm. 242-2018, *infra*.

A la luz de lo antes expuesto, la señora Nevárez Agosto subrayó que había comparecido oportunamente -- entiéndase, el 6 de febrero de 2020 -- ante el foro primario a reclamar por los daños sufridos en su propiedad, pues el término prescriptivo de un (1) año que tenía para ello comenzó a transcurrir el 14 de febrero de 2019, fecha en que el Tribunal de Primera Instancia emitió la *Sentencia* en los casos presentados por el Secretario del DACo y el Comisionado de Seguros.

Vista la comparecencia de la señora Nevárez Agosto, en respuesta, United presentó ante el foro primario una solicitud de sentencia sumaria. En apretada síntesis, solicitó la desestimación de la demanda incoada por la señora Nevárez Agosto por entender que ésta estaba prescrita o, en

la alternativa, porque se había configurado la doctrina de pago en finiquito.

En cuanto al asunto de la prescripción, que es el que se encuentra aquí en controversia, United señaló que la señora Nevárez Agosto había presentado una reclamación extrajudicial el 4 de diciembre de 2017 al amparo de la póliza de seguro, y que la misma se resolvió el 4 de enero de 2018. Conforme a ello, argumentó que la señora Nevárez Agosto tenía un (1) año a partir de la fecha en que resolvió la reclamación extrajudicial -- entiéndase desde el 4 de enero de 2018 -- para instar su demanda o para interrumpir el término prescriptivo, mas no lo hizo. Así, apuntó que la señora Nevárez Agosto dejó transcurrir el término para incoar la acción judicial en su contra.[3]

En consecuencia, United arguyó que su obligación conforme a la póliza de seguro se había extinguido por virtud de la figura jurídica de referencia. En ese sentido, señaló que, al no existir controversia sobre el hecho de que la señora Nevárez Agosto había presentado su demanda de manera tardía -- a saber, el 6 de febrero de 2020 --, procedía la desestimación con perjuicio de la acción.

Enterada de lo anterior, la señora Nevárez Agosto se opuso a la petición de United. En su escrito, ésta repitió los argumentos esbozados en su demanda e insistió en las

---

[3] En su solicitud de sentencia sumaria, United señaló que "la sección de 'Condiciones' de la póliza número 273115 dispon[ía] que no se pod[ía] presentar una acción judicial bajo la póliza a menos que se present[ara] la demanda dentro del término de un (1) año contado a partir de la fecha de la pérdida". Véase, Apéndice del *certiorari*, pág. 35.

razones por las cuales su causa de acción en contra de United no estaba prescrita. En lo aquí pertinente, reiteró que el pleito de clase instado el 18 de septiembre de 2018 por el Secretario del DACo, así como la demanda incoada por el Comisionado de Seguros en igual fecha -- a los fines de que se reconociera el carácter prescriptivo del término para que las personas aseguradas presentaran sus reclamaciones por daños a la propiedad en contra de una compañía aseguradora --, tuvo el efecto de interrumpir el término prescriptivo que tenía para interponer su causa de acción.

En específico, y a la luz de lo resuelto por este Tribunal en *Arce Busetta v. Motorola*, *infra*, la señora Nevárez Agosto arguyó que la presentación de un pleito de clase -- aun cuando la clase no fuera certificada -- interrumpe el término prescriptivo para todos los miembros potenciales de la clase.[4] En esa dirección, argumentó que el término prescriptivo para instar su causa de acción, según señalado en su demanda, comenzó a cursar a partir de la *Sentencia* emitida y notificada el 14 de febrero de 2019 por el Tribunal de Primera Instancia, mediante la cual dicho foro desestimó los pleitos incoados por los referidos funcionarios públicos por tornarse académicos, por lo que su reclamación fue oportuna.

Por su parte, United sometió una *Réplica a oposición a moción solicitando sentencia sumaria.* En ésta, subrayó que, aun cuando el Secretario del DACo había presentado la demanda,

---

[4] Véase, Apéndice del *certiorari*, pág. 68.

el foro primario no certificó el pleito como uno de clase y lo desestimó por académico. Por tanto, manifestó que el término prescriptivo que tenía la señora Nevárez Agosto para instar la acción en su contra no fue interrumpido. Ante ello, esta última presentó una dúplica en la que reiteró los argumentos previamente esbozados.

Evaluados los escritos de ambas partes, el 1 de febrero de 2021 el Tribunal de Primera Instancia dictó una *Sentencia*. Al así hacerlo, declaró con lugar la solicitud de sentencia sumaria presentada por United. Lo anterior, por entender que la reclamación de la señora Nevárez Agosto en contra de la referida aseguradora había prescrito el 4 de enero de 2019, por lo que dejó entrever que el pleito de clase instado por DACo, y consolidado con la reclamación de la Oficina del Comisionado de Seguros, no había interrumpido el término prescriptivo de un (1) año que tenía esta última para acudir ante el foro primario.

Inconforme con el proceder del Tribunal de Primera Instancia, la señora Nevárez Agosto acudió al Tribunal de Apelaciones. En resumen, adujo que el foro primario había errado al concluir -- implícitamente -- que el pleito de clase instado por el Secretario del DACo no interrumpió el término prescriptivo de un (1) año que ésta tenía para presentar su reclamación en contra de United y, consecuentemente, desestimar su demanda. En síntesis, reiteró el trámite procesal seguido y enfatizó que había interrumpido oportunamente el término prescriptivo para incoar la causa de

acción en contra de la aseguradora en cuestión. Lo anterior, mediante la presentación de su demanda el 6 de febrero de 2020, es decir, dentro del año posterior a la *Sentencia* emitida por el Tribunal de Primera Instancia en el pleito de clase iniciado por el Secretario del DACo y consolidado con la reclamación del Comisionado de Seguros.

Oportunamente, United se opuso al recurso de la señora Nevárez Agosto. En suma, reiteró sus planteamientos anteriores a los efectos de que la demanda en daños y perjuicios en su contra estaba prescrita. Específicamente, indicó que la señora Nevárez Agosto no había realizado ningún acto posterior a la resolución de la reclamación extrajudicial que interrumpiera el término prescriptivo dispuesto en la póliza de seguro. Además, respecto a las acciones instadas por el Secretario del DACo y por el Comisionado de Seguros, adujo que éstas no interrumpieron el aludido término toda vez que el foro primario las desestimó por académicas previo a certificarlas como un pleito de clase.

Tras analizar los planteamientos de ambas partes, el 11 de mayo de 2021 el foro apelativo intermedio notificó una *Sentencia* mediante la cual confirmó la determinación del Tribunal de Primera Instancia. Ello, pues el Panel II del Tribunal de Apelaciones estuvo igualmente dividido y no logró el voto mayoritario de sus miembros de conformidad con la Regla 7 de su Reglamento.[5] En desacuerdo con lo anterior, la

---

[5] En particular, el Juez Bermúdez Torres y la Jueza Barresi Ramos hubiesen confirmado la *Sentencia* emitida por el foro primario. Mientras que, la Jueza Rivera Marchand y la Jueza Mateu Meléndez disintieron de tal proceder, pues éstas revocarían la aludida determinación. Véase, Apéndice

señora Nevárez Agosto presentó una solicitud de reconsideración la cual fue declarada sin lugar mediante una *Resolución* notificada el 21 de junio de 2021.

Aún insatisfecha con el dictamen del foro apelativo intermedio, la señora Nevárez Agosto comparece ante nos mediante petición de *certiorari*. En esencia, señala que el Tribunal de Apelaciones incidió al confirmar al foro primario. En particular, subraya que la presentación de un pleito de clase como el aquí incoado por el Secretario del DACo, y consolidado con la reclamación del Comisionado de Seguros -- independientemente se certifique o no la clase -- tiene el efecto de interrumpir los términos prescriptivos que transcurrirían en contra de los miembros o potenciales miembros de la clase.

Examinado el recurso de la señora Nevárez Agosto, el pasado 3 de noviembre de 2021 notificamos una *Resolución* mediante la cual le concedimos a United un término de veinte (20) días para que mostrara causa por la cual no debíamos revocar la *Sentencia* emitida por el foro apelativo intermedio. Dicha *Resolución* fue oportunamente notificada a todas las partes con interés en el litigio.

En cumplimiento con lo ordenado, United compareció ante nos. En su escrito, alega que la causa de acción instada por el Secretario del DACo no tuvo el efecto de interrumpir el término prescriptivo en controversia, toda vez que el

---

del *certiorari*, pág. 164. Véase, además, Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7.

mencionado Secretario carece de legitimación activa para representar a las personas aseguradas, pues a su juicio, éstas no son consumidoras. Además, aduce que la facultad para representar a las personas aseguradas le fue delegada exclusivamente a la Oficina del Comisionado de Seguros de Puerto Rico y no al DACo.

En esa línea, señala que, aun cuando el Comisionado de Seguros incoó una demanda -- la cual fue consolidada con aquella presentada por el Secretario del DACo -- ésta no tuvo el efecto de interrumpir el término prescriptivo, pues se trató de una sentencia declaratoria y no de un pleito de clase. Consecuentemente, indica que los pleitos de referencia no tuvieron el efecto de interrumpir el término prescriptivo de un (1) año dispuesto en la póliza de seguro, por lo que la demanda instada por la señora Nevárez Agosto está prescrita. A esos efectos, solicita que confirmemos la *Sentencia* recurrida.

Trabada así la controversia, expedimos el recurso de *certiorari* ante nos y, con el beneficio de la comparecencia de ambas partes en el litigio, procedemos a exponer la normativa aplicable al mismo.

II.

A.

Como es sabido, la prescripción es una figura del Derecho Civil que extingue el derecho de una persona a ejercer determinada causa de acción y que está inextricablemente unida al derecho que se intenta reivindicar. *SLG Haedo-López*

*v. SLG Roldán-Rodríguez*, 203 DPR 324, 336 (2019); *Xerox Corp. v. Gómez Rodríguez y otros*, 201 DPR 945, 952 (2019); *Lázaro Rodríguez v. Depto. Hacienda*, 200 DPR 954, 966-967 (2018). Esta figura tiene como propósito castigar la inercia y estimular el ejercicio rápido de las acciones. *Íd.*

Sobre el particular, en innumerables ocasiones, hemos sentenciado que la prescripción extintiva -- en nuestra tradición civilista -- es una materia de derecho civil sustantivo y no procesal, regida por el Código Civil. *SLG Haedo-López v. SLG Roldán-Rodríguez*, *supra*; *Xerox Corp. v. Gómez Rodríguez y otros*, *supra*; *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 192 (2016). Véase, además, *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 373 (2012). Consecuentemente, el referido cuerpo legal establece que las acciones prescriben por el mero transcurso del tiempo fijado en ley.[6] Art. 1861 del Código Civil, 31 LPRA ant. sec. 5291. Véase, *Xerox Corp. v. Gómez Rodríguez y otros*, *supra*; *Rivera Ruiz et al. v. Mun. De Ponce et al.*, 196 DPR 410, 415 (2016); *SLG García-Villega v. ELA et al.*, 190 DPR 799, 811 (2014).

Ahora bien, no empece a lo antes dicho, en nuestro ordenamiento jurídico se reconocen tres mecanismos que interrumpen los términos prescriptivos dispuestos en ley, a saber: 1) el ejercicio de la acción ante los tribunales;[7] 2)

---

[6] Si bien somos conscientes que el 28 de noviembre de 2020 entró en vigor la Ley Núm. 55-2020 -- mediante la cual se adoptó el Código Civil de Puerto Rico de 2020 -- los hechos que originaron el presente litigio se suscitaron bajo la vigencia del Código Civil de 1930, 31 LPRA ant. sec. 1 *et seq.*

[7] **En cuanto al efecto interruptor de la presentación de una reclamación judicial, este Tribunal ha razonado que ésta "tiene el resultado de**

la reclamación extrajudicial;[8] y 3) cualquier acto de reconocimiento de la obligación por parte del deudor. Art. 1873 del Código Civil, 31 LPRA ant. sec. 5303. Véase, *Rivera Ruiz et al. v. Mun. De Ponce et al.*, *supra*; *Díaz Santiago v. International Textiles*, 195 DPR 862, 868 (2016); *Maldonado Rivera v. Suárez y otros*, *supra*, pág. 193. Cónsono con ello, "[e]l acto interruptor de que se trate debe constituir una manifestación inequívoca de quien posee el derecho u opta por ejercerlo, eliminando así la incertidumbre". *SLG García-Villega v. ELA et al.*, *supra,* pág. 816. Ello, promueve, por un lado, que la parte demandada quede adecuadamente avisada de la existencia de una reclamación y de la persona o grupo de personas que la comparten y, por otro lado, que los demandantes no se duerman sobre sus derechos. *Íd.*; *Arce Bucetta v. Motorola*, 173 DPR 516, 537 (2008); *Rivera Castillo v. Mun. De San Juan*, 130 DPR 683, 698-699 (1992).

Así pues, una vez interrumpido, el término prescriptivo comienza a cursar nuevamente. *Maldonado Rivera v. Suárez y otros*, *supra*; *SLG García-Villega v. ELA et al.*, *supra*, pág. 815; *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 505 (2011). No obstante, transcurrido el periodo de tiempo

---

interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente, de manera que el nuevo término iniciará cuando culmine efectivamente el proceso judicial". (Énfasis suplido). *Díaz Santiago v. International Textiles,* 195 DPR 862, 869 (2016).

[8] Sobre este particular, hemos indicado que "toda reclamación extrajudicial efectiva debe cumplir con los requisitos siguientes: (1) debe ser oportuna; (2) debe presentarla una persona con legitimación; (3) el medio utilizado para hacer la reclamación debe ser idóneo, y (4) debe existir identidad entre el derecho reclamado y el afectado por la prescripción". (Énfasis suprimido). *Díaz Santiago v. International Textiles, supra,* pág. 870. Véase, además, *Meléndez Guzmán v. Berríos López,* 172 DPR 1010, 1020 (2008).

establecido por ley sin reclamo alguno por parte del titular del derecho, se origina una presunción legal de renuncia o abandono. *Orraca López v. ELA*, 192 DPR 31, 50 (2014); *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra,* pág. 374; *Zambrana Maldonado v. ELA,* 129 DPR 740, 752 (1992). Véase, además, J. Puig Brutau, *Caducidad, prescripción extintiva y usucapión*, 3era ed. Barcelona, Ed. Bosch, 1996, pág. 92.

En esa dirección, este Tribunal ha resuelto que el establecimiento de normas relativas a la prescripción es "un asunto de política pública de los estados -- cuya determinación recae exclusivamente en la Legislatura -- y se enmarcan en la amplia discreción que poseen para limitar el tiempo en que se puede interponer una reclamación". *SLG Haedo-López v. SLG Roldán-Rodríguez, supra*, pág. 337. Véase, además, *SLG García-Villega v. ELA et al., supra*, pág. 813; *Culebra Enterprises Corp. v. ELA*, 127 DPR 943, 949-950 (1991). Lo anterior, responde, claro está, a una política firme que persigue que las reclamaciones se solucionen de manera expedita, así como de asegurar la estabilidad de las relaciones jurídicas y la seguridad en el tráfico jurídico. *SLG Haedo-López v. SLG Roldán-Rodríguez, supra; Meléndez Rivera v. CFSE*, 195 DPR 300, 309 (2016); *Orraca López v. ELA, supra*, pág. 49. Véase, además, *Maldonado Rivera v. Suárez y otros, supra*, pág. 192.

B.

Dicho ello, es menester señalar aquí que en nuestra jurisdicción la industria de seguros -- la cual está revestida

de un alto interés público -- está regulada por lo dispuesto en el Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 *et seq*. (en adelante, "Código de Seguros") y, de manera supletoria, por el Código Civil. *Feliciano Aguayo v. MAPFRE*, 2021 TSPR 73, 207 DPR ___ (2021); *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1019 (2020); *R.J. Reynolds v. Vega Otero*, 197 DPR 699, 706-707 (2017).

Es, pues, en el Código de Seguros donde se encuentran aquellas disposiciones que reglamentan las prácticas comerciales y requisitos de esta industria.[9] *Carpets & Rugs v. Tropical Reps*, 175 DPR 614, 632 (2009); *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425 (1997). El llamado a fiscalizar y reglamentar el cumplimiento de sus disposiciones es el Comisionado de Seguros.[10] Art. 2.030 del Código de Seguros, 26 LPRA sec. 235(2). Véase, además, *Feliciano Aguayo v. MAPFRE, supra*.

---

[9] Además, la Asamblea Legislativa recientemente incorporó al aludido cuerpo de ley la Carta de Derechos del Consumidor de Seguros, Ley Núm. 14-2020, Leyes de Puerto Rico (Parte 1) 80. *Feliciano Aguayo v. MAPFRE, supra*. Ello, con el propósito de "facilitar que los consumidores de seguros conocieran sus derechos fundamentales enunciados a través del Código de Seguros y su Reglamento". *Íd*. Véase, también, Exposición de Motivos de la Ley Núm. 14-2020, *supra*, págs. 80-81.

[10] El Código de Seguros, *supra*, delegó al Comisionado de Seguros la responsabilidad de proteger adecuadamente el interés público para que responda a las necesidades de los tiempos y a los cambios que ocurran o se anticipen en la industria de seguros. Art. 2.030 del Código de Seguros, 26 LPRA sec. 235(2). En ese sentido, el Comisionado de Seguros está facultado para "interponer cualesquiera remedios, acciones o procedimientos legales que fueran necesarios o convenientes para hacer efectivos los propósitos de[l] Código [de Seguros] o cualquier ley o reglamento, cuyo cumplimiento o fiscalización le haya sido asignada […]". Art. 2.030 del Código de Seguros, 26 LPRA sec. 235(3). Véase, además, *OCS v. CODEPOLA*, 202 DPR 842, 857 (2019).

Establecido lo anterior, y en lo relacionado a la controversia que nos ocupa, el pasado 27 de noviembre de 2018, la Asamblea Legislativa -- en respuesta al manejo, retraso y reiteradas violaciones a las disposiciones del Código de Seguros por parte de las aseguradoras en las reclamaciones presentadas tras el paso de los huracanes Irma y María -- aprobó la Ley Núm. 242-2018, Leyes de Puerto Rico (Parte 2) 2330 (en adelante, "Ley Núm. 242-2018"), la cual enmienda el Código de Seguros. Mediante el referido estatuto, la Asamblea Legislativa codificó las protecciones que el derecho proveía a los consumidores y las consumidoras locales para "una rápida y mejor respuesta de la industria de seguros para las víctimas de [dichos eventos catastróficos]". (Énfasis suplido). Exposición de Motivos de la Ley Núm. 242-2018, *supra*, pág. 2333. En específico, esta ley entró en vigor con el fin de establecer herramientas y protecciones adicionales en beneficio de las personas aseguradas y, a su vez, para agilizar el proceso de recuperación de Puerto Rico al procurar que las compañías de seguros estuvieran "mejor capacitada[s] para manejar las reclamaciones pendientes […]". (Énfasis suplido). *Íd.*, págs. 2332-2333.

A esos efectos, y para instrumentar dicha intención legislativa, -- **y en lo que al tema de la prescripción se refiere** -- la Ley Núm. 242-2018, *supra*, enmendó el Art. 11.190 del Código de Seguros, 26 LPRA sec. 1119, para prohibir cualquier cláusula o estipulación en un contrato o póliza de seguro que limite, a un término menor a un (1) año, el periodo

de tiempo que tiene una persona asegurada para entablar una acción judicial en los tribunales en contra de una aseguradora para hacer valer sus derechos al amparo de una póliza de seguro. 26 LPRA sec. 1119(2). Además, en cuanto a la interrupción del término prescriptivo, el aludido estatuto estableció lo siguiente:

> (4) **Para propósitos de una acción directa por un dueño de propiedad para recuperar daños bajo una póliza de seguro, una notificación de reclamación a la compañía de seguro o su representante autorizado o su agente general autorizado constituye una reclamación extrajudicial que interrumpe la prescripción de las acciones conforme a la sec. 5303 del Título 31,** incluso cuando la reclamación sea a consecuencia del impacto de los huracanes Irma y/o María del pasado mes de septiembre de 2017.

> (5) **Para propósitos de una acción directa por un dueño de propiedad para recuperar daños bajo una póliza de seguro, la aceptación de una notificación de reclamación de seguro por la compañía de seguro o su representante autorizado o su agente general autorizado constituye un reconocimiento que interrumpe la prescripción de las acciones conforme a la sec. 5303 del Título 31,** incluso cuando la reclamación sea a consecuencia del impacto de los huracanes Irma y/o María del pasado mes de septiembre de 2017.

> (6) **La limitación del término de tiempo para presentar una demanda o buscar amparo del tribunal o de un proceso administrativo, impuesto por una póliza de seguro, está sujeto a ser interrumpido por notificación extrajudicial, conforme a la sec. 5303 del Título 31.** Cualquier pacto en contrario será nulo, incluso cuando la reclamación sea a consecuencia del impacto de los huracanes Irma y/o María del pasado mes de septiembre de 2017. (Énfasis suplido). 26 LPRA sec. 1119(4)-(6).

Como se puede colegir de lo antes señalado, la Ley Núm. 242-2018, *supra*, estableció el carácter prescriptivo del

término -- como mínimo de un (1) año y sujeto a interrupción -- para que una persona asegurada presente una acción directa en contra de una aseguradora. **Cónsono con ello, dispuso que una notificación de reclamación a la compañía aseguradora o a su representante autorizado, o la aceptación de la notificación de reclamación por parte de la compañía de seguros interrumpen el mencionado término prescriptivo**. A su vez, dicho cuerpo de ley extendió sus disposiciones a aquellas reclamaciones presentadas como consecuencia de los huracanes Irma y María.

La pregunta entonces sería, si un pleito de clase instado por el Secretario del DACo, y consolidado con la reclamación del Comisionado de Seguros, como el que es objeto de análisis en la causa de epígrafe, constituye una notificación de reclamación que interrumpe el referido término prescriptivo dispuesto en la precitada ley.

### III.

Para contestar la anterior interrogante, resulta imperativo repasar aquí la normativa relacionada a los pleitos de clase, particularmente en escenarios como los que hoy evaluamos. Como sabemos, el pleito de clase viabiliza el que una persona o grupo de personas demanden a nombre propio y en representación de otras con todas las consecuencias jurídico-procesales para estos últimos como si comparecieran individual y personalmente al litigio. *Guzmán, Juarbe v.*

*Vaquería Tres Monjitas*, 169 DPR 705, 714 (2006); *García v. Asociación*, 165 DPR 311, 317 (2005); *Cuadrado Carrión v. Romero Barceló*, 120 DPR 434, 444-445 (1988). Véase, además, R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Lexis Nexis, 2017, pág. 135.

En nuestro ordenamiento jurídico, la Regla 20 de Procedimiento Civil, 32 LPRA Ap. V, R. 20, establece las condiciones para que un pleito pueda tramitarse como una acción o pleito de clase.[11] Cónsono con ello, hemos dispuesto que, para que proceda la certificación de una acción como un pleito de clase, además de cumplir con los criterios de numerosidad, comunidad, tipicidad y adecuacidad establecidos en la Regla 20.1 de Procedimiento Civil, *supra*, es necesario que la demanda de clase alegue hechos que enmarquen la reclamación dentro de una de las modalidades establecidas en

---

[11] En particular, la Regla 20.1 de Procedimiento Civil, *supra*, enumera los requisitos que permiten la tramitación de una acción como pleito de clase. En específico, dispone lo siguiente:

> Uno(a) o más miembros de la clase podrán demandar o ser demandados(as) como representantes de todos(as) los (las) miembros de la clase solamente si:
>
> > (1) La clase es tan numerosa que la acumulación de todos(as) los(las) miembros resulta impracticable;
> >
> > (2) existen cuestiones de hecho o de derecho comunes a la clase;
> >
> > (3) las reclamaciones o defensas de los y las representantes son típicas de las reclamaciones o defensas de la clase, y los y las representantes protegerían los intereses de la clase de manera justa y adecuada. 32 LPRA Ap. V.

la Regla 20.2 del referido cuerpo de ley, *supra*.[12] Véase,

además, Hernández Colón, *op. cit.*, págs. 146-148.

---

[12] La Regla 20.2 de Procedimiento Civil, *supra*, establece que:

Un pleito podrá sostenerse como un pleito de clase si los requisitos de la Regla 20.1 son satisfechos, y además:

(a) La tramitación de pleitos separados por o en contra de miembros individuales de la clase crearía un riesgo de:

(1) Adjudicaciones inconsistentes o variadas con respecto a los y las miembros individuales de la clase, que establecerían normas de conducta incompatibles para la parte que se opone a la clase, o

(2) adjudicaciones con respecto a miembros individuales de la clase, quienes para todos los fines prácticos dispondrían de los intereses de los(las) otros(as) miembros que no sean partes en las adjudicaciones, o empeorarían o impedirían sustancialmente su habilidad para proteger sus intereses; o

(b) la parte que se opone a la clase ha actuado o ha rehusado actuar por razones aplicables a la clase en general, en forma tal que resulte apropiado conceder finalmente un remedio mediante interdicto o sentencia declaratoria correspondiente con respecto a la clase en general, o

(c) el tribunal determina que las cuestiones de hechos o de derecho comunes a los y las miembros de la clase predominan sobre cualesquiera cuestiones que afecten solamente a miembros individuales, y que el pleito de clase es superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para las determinaciones incluyen:

(1) El interés de los y las miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separados;

(2) la naturaleza y el alcance de cualquier litigio relativo a la controversia ya comenzado

Sobre las ventajas de este tipo de litigación, este Tribunal ha sentenciado que la acción de clase: 1) fomenta la economía judicial al permitirle a los tribunales adjudicar de una sola vez todas las cuestiones comunes a varios litigios, lo que evita la fragmentación y multiplicidad de éstos; 2) permite hacer justicia a personas que de otra forma no la obtendrían, en particular, cuando las sumas individuales en controversia no son cuantiosas, por lo que los agraviados no se sienten motivados a litigar, y 3) protege a las partes de sentencias incongruentes. *Guzmán, Juarbe v. Vaquería Tres Monjitas*, supra; *García v. Asociación*, supra; *Rivera Castillo v. Mun. De San Juan*, 130 DPR 683, 691 (1992). En una expresión que guarda mayor relación con los asuntos que nos ocupan, se ha señalado también que el pleito de clase:

> es el medio por excelencia para hacer del derecho un instrumento de cambio social, por cuanto a través de este mecanismo se puede hacer comparecer como partes a colectivos o clases tan amplias como, por ejemplo, todos los consumidores de determinado producto en Puerto Rico. Es decir, a millones de personas en procura de remedios que instrumenten la política pública que ampara sus derechos. Hernández Colón, *op. cit.*, pág. 136.

**Dicho ello, debemos tener presente que esta Curia, en más de una ocasión, ha señalado que un caso presentado como**

---

por o en contra de miembros de la clase;

(3) la deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico, y

(4) las dificultades que probablemente surgirían en la tramitación de un pleito de clase.

**pleito de clase al amparo de las disposiciones de las Reglas de Procedimiento Civil interrumpe automáticamente el término prescriptivo para presentar la acción de que se trate, tanto para los demandantes que formaron parte del pleito original como para todos aquellos demandantes potenciales que son miembros de la clase e, incluso, para aquellos que desconocían de los procedimientos.** *Arce Busetta v. Motorola*, 173 DPR 516, 535-536 (2008); *González v. Merck*, 166 DPR 659, 684 (2006); *Rivera Castillo v. Mun. De San Juan*, *supra*. **Lo que es más, hemos dispuesto que la presentación de la aludida acción interrumpe el periodo prescriptivo para los litigantes individuales y potenciales miembros de la clase, aun cuando el tribunal deniegue la solicitud de certificación de clase.** *Íd*. **En esas instancias, el término prescriptivo para que un individuo presente una acción independiente comenzará a transcurrir nuevamente desde la fecha de la denegatoria de la certificación de clase.** *Íd*.

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer de la controversia ante nuestra consideración.

IV.

Como mencionamos anteriormente, en el presente caso la señora Nevárez Agosto aduce que instó cierta demanda en contra de su aseguradora United oportunamente, pues la acción de clase incoada por el Secretario del DACo, y consolidada con la reclamación del Comisionado de Seguros, tuvo el efecto de interrumpir el término prescriptivo de un (1) año que ésta

tenía para presentar una acción directa en contra de la referida compañía de seguros para recuperar determinados daños sufridos por su propiedad al amparo de su póliza. A la luz de ello, indica que el Tribunal de Apelaciones erró al confirmar -- por estar igualmente dividido -- la determinación del Tribunal de Primera Instancia que desestimó su demanda por prescripción, al concluir que ésta no presentó su causa de acción dentro del año posterior a que United resolviera la reclamación extrajudicial. Le asiste la razón.

Y es que, a la luz de la normativa antes expuesta y como bien señala la señora Nevárez Agosto, somos del criterio que un pleito de clase instado por el Secretario del DACo, tiene el efecto de interrumpir el término prescriptivo para los litigantes individuales y potenciales miembros de la clase, aun cuando el tribunal haya desestimado la causa de acción previo a certificar la clase. En este último escenario, el término prescriptivo para recurrir a los tribunales comenzará a transcurrir finalizado el pleito o, lo que resulta igual, cuando se haya denegado la certificación de la clase por quedar el pleito desestimado, entre otras cosas, por académico. Tal fue el caso de autos.

En lo que se refiere al caso de marras, como sabemos: a) la propiedad de la señora Nevárez Agosto se vio afectada por los daños ocasionados por el paso del huracán María por Puerto Rico; b) el 4 de diciembre de 2017 la señora Nevárez Agosto presentó una reclamación extrajudicial a United al amparo de su póliza de seguro por los daños sufridos; c) el

4 de enero de 2018 United resolvió la reclamación extrajudicial; d) de ordinario, la señora Nevárez Agosto hubiera tenido un (1) año a partir de ese momento para instar una reclamación judicial de no estar conforme con el resultado de la reclamación extrajudicial; e) no obstante, el 18 de septiembre de 2018 el Secretario del DACo instó un pleito de clase, el cual fue consolidado con la reclamación presentada por el Comisionado de Seguros, para que el Tribunal de Primera Instancia declarara que el término que una persona asegurada tenía para solicitar un remedio judicial contra su aseguradora era uno prescriptivo; f) en dicho pleito se dictó *Sentencia* el 14 de febrero de 2019, en la que el foro primario desestimó el litigio por haberse tornado académico, tras la aprobación de la Ley Núm. 242-2018, *supra*; g) el aludido pleito de clase interrumpió el término prescriptivo de un (1) año que tenía la señora Nevárez Agosto para incoar una acción directa en contra de United al amparo de la póliza de seguro.

Lo anterior se debe a que la presentación de dicho pleito de clase tuvo el efecto de notificarle a las compañías aseguradoras de las reclamaciones en su contra y de las personas aseguradas que en su día podrían tener derecho a un remedio. Además, constituyó una manifestación inequívoca de los miembros de la clase -- quienes razonablemente descansaron en que la presentación del aludido pleito de clase por el Secretario del DACo les proveería el mecanismo judicial para vindicar sus derechos -- de ejercer oportunamente sus reclamos.

Así pues, habiéndose dictado la *Sentencia* en el pleito de clase el 14 de febrero de 2019 la señora Nevárez Agosto tenía un (1) año para instar -- en su carácter individual -- una acción directa en contra de United. Al presentar tal acción el 6 de febrero de 2020, la señora Nevárez Agosto incoó la misma a tiempo.

Siendo ello así, es forzoso concluir que el Tribunal de Apelaciones erró al confirmar -- por estar igualmente dividido -- la determinación del Tribunal de Primera Instancia que desestimó la demanda presentada por la señora Nevárez Agosto en contra de United por prescripción. A todas luces, se cometieron aquí los errores señalados por la señora Nevárez Agosto.

V.

Por los fundamentos antes expuestos, se revoca la *Sentencia* dictada por el Tribunal de Apelaciones, así como la *Sentencia* emitida por el Tribunal de Primera Instancia, que desestimaron la demanda incoada por la señora Nevárez Agosto por estar prescrita. En consecuencia, se devuelve el caso al foro primario y se ordena la continuación de los procedimientos de forma compatible con lo aquí dispuesto.

Se dictará Sentencia de conformidad.

Ángel Colón Pérez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen Nevárez Agosto

    Peticionaria

       v.                    CC-2021-0466     *Certiorari*

United Surety & Indemnity
Company y Compañía Aseguradora
XYZ

    Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 3 de mayo de 2022.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la *Sentencia* dictada por el Tribunal de Apelaciones, así como la *Sentencia* emitida por el Tribunal de Primera Instancia, que desestimaron la demanda incoada por la señora Nevárez Agosto por estar prescrita. En consecuencia, se devuelve el caso al foro primario y se ordena la continuación de los procedimientos de forma compatible con lo aquí dispuesto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo